MORTGAGE & CONTRACT CO. v. FIRST MORTGAGE BOND
CO.

1. MORTGAGES—FORECLOSURE EXTINGUISHES MORTGAGE.
   Foreclosure of mortgage extinguishes it.

2. SAME—DISCHARGE EXTINGUISHES LIEN—TAXES.
   Where mortgagee in second mortgage paid taxes, and, on fore-
   closure by advertisement, bid in property, from which no
   redemption was had, discharge of said mortgage discharged
   lien for taxes, so that it could not be revived and become lien
   superior to first mortgage.

3. SAME—APPLICATION OF PURCHASE PRICE TO PAYMENT OF TAXES—
   LIENS.
   Where purchase price bid on foreclosure of second mortgage by
   mortgagee was applied to full payment of· taxes, effect was
   same, in respect to mortgagee's lien for taxes, as though
   stranger had bought property on foreclosure, and taxes had
   been paid mortgagee out of purchase money.

Appeal from Wayne; Lamb (Fred S.), J., presid-
ing. Submitted October 6, 1931. (Docket No. 11,
Calendar No. 35,761.) Decided January 4, 1932.

Bill by the Mortgage & Contract Company, a
Michigan corporation, against First Mortgage Bond
Company, a Virginia corporation, to have amount
paid for taxes as purchaser at foreclosure sale un-
der second mortgage declared a first lien on the
premises. Bill dismissed. Plaintiff appeals. Af-
firmed.

*Goodenough, Voorhies, Long & Ryan,* for plaintiff.

*Corliss, Leete & Moody,* for defendant.

FEAD, J. Plaintiff held a second mortgage on real
estate, expressly made subject to the first mortgage,

and containing the usual provision that if the mortgagor did not pay taxes, the mortgagee might pay them and the amount, with interest at 7 per cent., should "constitute a further lien upon said premises under this mortgage." Plaintiff paid taxes, foreclosed the mortgage by advertisement, bid in the property, and the sale price was applied upon principal, interest, expenses, and taxes, covering the latter item in full with interest at 7 per cent. There was no redemption.

Before the redemption period had expired, the first mortgage, running to defendant and one Stoker as trustees, was foreclosed by advertisement and the premises purchased by defendant personally. There has been no redemption and the period therefor has expired.

This suit is to decree the taxes paid by plaintiff, with interest at 5 per cent., a first lien upon the premises and to foreclose the lien upon the theory that it is superior to the first mortgage, under *Noeker* v. *Howry,* 119 Mich. 626.

Foreclosure of a mortgage extinguishes it. *Dunitz* v. *Woodford Apartments Co.,* 236 Mich. 45. Plaintiff's lien for taxes existed in connection with and because of the mortgage, and discharge of the mortgage discharged the lien. *Vincent* v. *Moore,* 51 Mich. 618; *Wood* v. *Button,* 205 Mich. 692. The lien, having been discharged, could not be revived. The case presents the added fact that the purchase price on foreclosure of the second mortgage was applied to full payment of the taxes. The effect was the same as though a stranger had bought the property on foreclosure and the taxes had been paid plaintiff out of the purchase money.

Decree dismissing bill affirmed, with costs.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.