# STATE OF MICHIGAN

# COURT OF APPEALS

---

WILMINGTON SAVINGS FUND SOCIETY,
FSB, doing business as CHRISTINA TRUST, as
Trustee for CARLSBAD FUNDING
MORTGAGE TRUST, by its Servicer,
RUSHMORE LOAN MANAGEMENT
SERVICES, LLC,

   Plaintiff-Appellant,

v

ROGER DUANE CLARE and NANCY JO
CLARE,

   Defendants-Appellees,

and

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

   Defendant.

FOR PUBLICATION
April 19, 2018
9:05 a.m.

No.  336715
Saginaw Circuit Court
LC No.  15-025725-CH

---

Before:  STEPHENS, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

PER CURIAM.

  Defendants purchased a house financed through a mortgage issued by plaintiff's privy.[1] The mortgagee foreclosed on the mortgage due to non-payment.  Following an unsuccessful action for possession, plaintiff filed this action to set aside the foreclosure, reinstate the mortgage, and to obtain judicial foreclosure.  The trial court granted the mortgagors and the current occupants of the property, defendants Roger and Nancy Clare (defendants), summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact).  Plaintiff appeals by right.  We affirm in part and remand for proceedings consistent with this opinion.

---

[1] The mortgage was transferred or sold repeatedly during the relevant time period.  However, it is not disputed that all of the various mortgagees were in privity with each other.

-1-

# I. PERTINENT FACTS

The material facts in this case are not in dispute. Defendants executed a mortgage on real property located in Hemlock, Michigan, in favor of Mortgage Electronic Registration System (MERS), as nominee for Quicken Loans, Inc. The mortgage secured a $250,600 loan from Quicken Loans to defendant Roger Clare. In May 2009, the mortgage was assigned to OneWest Bank, FSB. In August 2010, OneWest initiated foreclosure-by-advertisement proceedings against the property. In November 2010, after a sheriff's sale, a sheriff's deed was granted to OneWest, subject to a 12-month redemption period. In December 2010, OneWest quitclaimed the property to the Federal National Mortgage Association (Fannie Mae). In November 2011, the redemption period expired.

Shortly thereafter, Fannie Mae commenced district court eviction proceedings against defendants for possession of the property. In March 2012, the case proceeded to a bench trial. At the close of Fannie Mae's proofs, defendants moved for a directed verdict, which the court granted. An order dismissing the case with prejudice was entered on March 5, 2012. Fannie Mae appealed the district's court ruling to the circuit court, which concluded that the basis for the district court's decision was not clear, and remanded with direction that the district court make findings of fact and conclusions of law. On December 18, 2012, the district court issued its opinion on remand, which stated that Fannie Mae "has failed to show that title to the property was properly passed to it, the proofs being of a hearsay nature, without full documentation regarding the chain of title. . . . No evidence was presented from the prior title holders showing a valid transfer of title to the plaintiff." Fannie Mae did not appeal the district court's ruling on remand.

A year and a half later, in September 2014, Ocwen Loan Servicing, LLC, acting as attorney-in-fact for OneWest, the last party to hold the mortgage prior to the sheriff's sale, recorded what the parties refer to as an "expungement affidavit" in Saginaw County. The affidavit read in pertinent part:

> 5. That OneWest Bank, FSB agrees to set aside the above Sheriff's Deed, making it void and of no force or effect, thus reinstating and reviving the above mortgage and Note, as if the foreclosure had not occurred. Additionally, any conveyance made subsequent and pursuant to the Sheriff's Deed is likewise set aside, making it void and of no force and effect. The foreclosure sale, Sheriff's Deed, and any subsequent conveyance are being set aside pursuant to an order issued by the 70th Judicial Court of the State of Michigan under Case No. 11-2817-LT.
>
> * * *
>
> 7. That the mortgage referenced in Paragraph 2 above is hereby reinstated and is again in full force and effect.

In October 2014, OneWest assigned the mortgage to Ocwen.

In February 2015, Ocwen filed the instant action in circuit court seeking a determination of interests in land and a judicial foreclosure. After the suit was filed, the mortgage was assigned

at least twice, the last one being an assignment to plaintiff. Plaintiff asserted that the 2010 sheriff's sale was voided by the expungement affidavit and that as a result, the mortgage should be reinstated with the parties back in the positions they were in prior to the sheriff's sale. Plaintiff requested that the trial court enter a judgment invalidating the sheriff's sale, rescinding the sheriff's deed, reinstating the mortgage, and granting judicial foreclosure of the property. In the alternative, plaintiff sought to amend its complaint to add claims of equitable mortgage and unjust enrichment.

The trial court issued a written opinion and order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(10). As an initial matter, the court concluded that the suit was not barred by res judicata or collateral estoppel arising out of the 2012 district court case. Neither party has asserted that this was error. The trial court also concluded that plaintiff lacked standing because it no longer had any interest in the property as the mortgage had been extinguished and the expungement affidavit was without effect. Lastly, it denied plaintiff's motion for leave to amend its complaint on the ground that the proposed amendment "would do nothing to correct the standing defect," and therefore, any such amendment would be futile.

## II. LEGAL ANALYSIS

Plaintiff raises three issues on appeal. First, that the trial court erred by concluding that plaintiff lacked standing. Second, that the court erred by finding that the expungement affidavit was without effect. Third, that the court erred by not allowing plaintiff to amend its complaint. We agree with plaintiff that it had standing to bring its action, however, we affirm the trial court's ruling that the expungement affidavit has no legal effect and that as a result, plaintiff's claim based on the mortgage fails as a matter of law. Finally, we conclude that plaintiff's motion to amend its complaint should be determined by the trial court on remand.

## A. STANDING

Plaintiff correctly argues that it had standing to bring this suit. " 'Whether a party has standing is reviewed de novo as a question of law.' " *Manuel v Gill*, 481 Mich 637, 642; 753 NW2d 48 (2008) (citation omitted). In *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010), our Supreme Court overruled its prior cases adopting the United States Supreme Court's approach to standing, and held "that that Michigan standing jurisprudence should be restored to a limited, prudential doctrine," where "a litigant has standing whenever there is a legal cause of action." The Court explained that "the standing inquiry focuses on whether a litigant is a proper party to request adjudication of a particular issue and not whether the issue itself is justiciable." *Id*. at 355 (quotation marks and citation omitted).

In *Trademark Props of Mich, LLC v Fed Nat'l Mtg Ass'n*, 308 Mich App 132; 863 NW2d 344 (2014), we considered this issue in the context of a foreclosure and followed *Lansing Sch Ed Ass'n*, stating:

> MCL 600.2932(1) reflects the Legislature's intent to confer standing on individuals claiming an interest in real property. The statute authorizes suits to determine competing parties' respective interests in land[.] This litigation involves an action to quiet title filed by plaintiff because the parties dispute their respective interests in the condominium unit. Plaintiff's assertion that defendants

cannot establish a superior interest in the property is premised on the merits of the litigation. Whether a party can succeed on the merits of the substantive claim is not the appropriate inquiry when reviewing standing. Accordingly, we reject plaintiff's argument regarding standing. [*Id*. at 137-138 (quotation marks and citations omitted).]

Plaintiff has standing under MCL 600.2932(1)[2] to litigate its interest in the property. Plaintiff also has standing under MCL 600.3115[3] to seek judicial foreclosure. Further, plaintiff, as the purported owner of the quitclaim deed and the purported holder of the mortgage and note, is a proper party to adjudicate those claims. *Lansing Sch Ed Ass'n*, 487 Mich at 355.

## B. VALIDITY OF THE EXPUNGEMENT AFFIDAVIT

The trial court concluded that plaintiff had no valid mortgage to enforce because: (a) the mortgage was extinguished at the end of the redemption period following the foreclosure and sale, and (b) the "expungement affidavit" had no legal effect. As noted above, the court was incorrect in concluding that these legal determinations left plaintiff without standing. However, these findings defeat plaintiff's claim on the merits.

Plaintiff does not dispute that its right to enforce the mortgage was extinguished at the end of the redemption period.[4] Indeed, it was this recognition that led plaintiff to record an affidavit in an attempt to revive the extinguished mortgage. The controlling question then is whether plaintiff's "expungement affidavit" had legal effect. The affidavit was recorded on September 23, 2014, and states in pertinent part:

---

[2] MCL 600.2932(1) provides:

Interest of plaintiff. Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

[3] MCL 600.3115 provides:

Whenever a complaint is filed for the foreclosure or satisfaction of any mortgage on real estate or land contract, the court has power to order a sale of the premises which are the subject of the mortgage on real estate or land contract, or of that part of the premises which is sufficient to discharge the amount due on the mortgage on real estate or land contract plus costs. But the circuit judge shall not order that the lands which are the subject of the land contract be sold within 3 months after the filing of the complaint for foreclosure of the land contract.

[4] "Foreclosure of a mortgage extinguishes it." *Mtg & Contract Co v First Mtg Bond Co*, 256 Mich 451, 452; 240 NW 39 (1932).

5. That OneWest Bank, FSB agrees to set aside the above Sheriff's Deed, making it void and of no force or effect, thus reinstating and reviving the above mortgage and Note, as if the foreclosure had not occurred. Additionally, any conveyance made subsequent and pursuant to the Sheriff's Deed is likewise set aside, making it void and of no force and effect. The foreclosure sale, Sheriff's Deed, and any subsequent conveyance are being set aside pursuant to an order issued by the 70th Judicial Court of the State of Michigan under Case No. 11-2817-LT.

\* \* \*

7. That the mortgage referenced in Paragraph 2 above is hereby reinstated and is again in full force and effect.

We agree with the trial court that a party cannot set aside a foreclosure sale simply through the unilateral filing of an expungement affidavit. Defendants argue that the recording of an expungement affidavit to set aside foreclosure sales is provided for in MCL 565.451a, which states in pertinent part:

An affidavit stating facts relating to any of the following matters that may affect the title to real property in this state and made by any person having knowledge of the facts and competent to testify concerning those facts in open court may be recorded in the office of the register of deeds of the county where the real property is situated:

\* \* \*

(b) Knowledge of the happening of any condition or event that may terminate an estate or interest in real property.

MCL 565.453 provides in turn as follows:

The affidavit, whether recorded before or after the passage of this act, may be received in evidence in any civil cause, in any court of this state and by any board or officer of the state in any suit or proceeding affecting the real estate and shall be prima facie evidence of the facts and circumstances therein contained.

Plaintiff relies on decisions of the federal Sixth Circuit Court of Appeals that relied on an unpublished opinion of this Court. However, this Court is not bound by the Sixth Circuit's interpretation of Michigan law. *Commonwealth Land Title Ins Co v Metro Title Corp*, 315 Mich App 312, 320 n 3; 890 NW2d 395 (2016), and this Court's unpublished opinions do not constitute binding precedent. MCR 7.215(C)(1); *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 139 n 3; 783 NW2d 133 (2010).

The Sixth Circuit's reading of Michigan law is set forth in *Wuori v Wilmington Savings Fund Society*, 666 Fed Appx 506, 510 (CA 6, 2016). In that case, the Sixth Circuit considered whether an affidavit filed pursuant to MCL 565.451a could serve to expunge a foreclosure sale and revive an extinguished mortgage. It stated:

> While other states have similar statutory provisions, only Michigan seems to interpret this provision to allow mortgagees who have foreclosed upon a mortgage to record an expungement affidavit that sets aside the foreclosure sale and sheriff's deed and reinstates the underlying mortgage simply by stating in the affidavit . . . that the mortgagee will not rely on said foreclosure sale and will treat such sale as having not been held. . . . [*Id*. at 501(quotation marks and citation omitted).]

The Sixth Circuit called this an "admittedly curious practice," noting that "the expungement affidavit is not stating facts about a 'happening of any condition' that affects the land other than those facts *first stated in the affidavit itself*—that is the affidavit is at once purporting to create a condition that affects the land . . . and attest to the happening of that condition." *Id*. Nevertheless, the Sixth Circuit concluded that "foreclosure cases in Michigan have accepted the use of an affidavit expunging a sheriff's sale, yet very few have actually considered the validity of such a practice under the authority of" MCL 565.451a. *Wuori*, 666 Fed Appx at 510. In fact, we have *never* considered the question whether MCL 565.41a(b) provides authority for a former mortgagee to expunge a foreclosure by filing an affidavit unilaterally setting aside the sheriff's deed and reinstating a mortgage for no reason other than the filing of the affidavit itself. We now consider that question and conclude that this "admittedly curious practice" is not permitted under the statute. *Id*.

The plain language of the statute does not include any indication that an affidavit may be used to *create* a condition. It necessarily follows that a party cannot unilaterally revoke a foreclosure sale by recording an affidavit that is itself the claimed condition. There is no statutory basis for concluding that the Legislature intended for a party to be able to rescind a foreclosure sale and revive a mortgage by merely recording an affidavit that it "agrees" to do so.[5] We may not read language into statutes. See *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002).

Defendants rely primarily on our unpublished opinion in *Freund v Trott & Trott, PC*, unpublished opinion of the Court of Appeals, issued October 25, 2011 (Docket No. 299011). This case is neither precedential nor on point. In *Freund*, the mortgagor challenged the validity of a sheriff's sale. *Id*. at 2. The mortgagor claimed that the mortgage was never valid because

---

[5] Defendants suggest that the affidavit in which they "agree[ ] to set aside the above Sheriff's Deed . . ." is effective because: (a) the district court found that the foreclosure was invalid and (b) that the expungement affidavit merely "effectuated the [district court] opinion and provided the Borrowers with the relief requested in the district court." We reject both arguments. The district court opinion does not state that the foreclosure was invalid; only that the present holder of the deed had not presented a prima facie case that it was the titleholder. Moreover, a court does not require a party to "effectuate" its rulings for them to have effect or to record that it "agrees" with that ruling. The district court did not direct plaintiff to record any changes in the status of the deed. Instead, plaintiff recorded its self-serving interpretation of the district court opinion as an attempt to cloak its unilateral action with judicial authority.

the lender was not properly licensed and that even if it was, the mortgagee had failed to provide proper notice of the sheriff's sale. *Id*. at 2-3. We held that the errors relating to the issuance of the mortgage were insufficient to render the mortgage invalid. *Id*. at 3. As to the validity of the sheriff's sale, we concluded that the issue was moot because the mortgagee had filed an affidavit setting aside the sheriff's sale. *Id*. However, in *Freund*, the mortgagor did not object to the consideration of the affidavit nor contend that it was ineffective under MCL 565.451a, or for any other reason. To the contrary, in *Freund*, it was the mortgagor who submitted the mortgagee's affidavit and requested that we consider it, a proposition to which the mortgagor had no objection. In sum, the Court in Freund *accepted* the parties' mutual agreement that the affidavit was effective; it did not consider whether the affidavit was effective in the context of statute or precedent. It serves as a good example of why unpublished decisions are "not precedentially binding." MCR 7.215(C)(1).[6]

In sum, the trial court properly dismissed plaintiff's judicial foreclosure action because the mortgage interest on which plaintiff relied was extinguished at the termination of the redemption period.

## C. DENIAL OF MOTION TO AMEND COMPLAINT

The trial court concluded that any amendment filed by plaintiff would be futile in light of the ruling that plaintiff lacked standing. In light of our ruling that plaintiff has standing, its motion to amend must be addressed on the merits. Plaintiff asks us to make this determination on appeal but we decline to do so before the trial court has had an opportunity to consider the question. Accordingly, we remand to the trial court to rule on the merits of defendants' motion to amend.

Affirmed in part and remanded. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause

---

[6] In the only published case referencing this question, the Court expressed skepticism regarding the use of expungement affidavits to invalidate foreclosure sales and indicated that an independent basis for setting aside a foreclosure sale is necessary. *Trademark*, 308 Mich App at 140-141. Most recently in *OneWest Bank, FSB v. Jaunese*, unpublished per curiam opinion of the Court of Appeals, issued March 19, 2015 (Docket No. 320037), we expressed skepticism whether an affidavit of expungement could revive a mortgage, stating "we question" whether "an affidavit in and of itself can generally void a foreclosure . . . especially in the context of a situation where there are conflicting interests and positions." *Id*. at 12 n 8.