*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* CLAIM FOR SURPLUS FUNDS.

---

BAERE CO,

Petitioner-Appellant,

v

SPECIALIZED LOAN SERVICING, LLC,

Respondent-Appellee.

FOR PUBLICATION
May 21, 2019
9:00 a.m.

No. 344016
Kent Circuit Court
LC No. 18-001745-CZ

---

Before: GLEICHER, P.J., and RONAYNE KRAUSE and O'BRIEN, JJ.

PER CURIAM.

Petitioner, BAERE, Co., appeals as of right the order granting summary disposition in favor of respondent, Specialized Loan Servicing, LLC (SLS). We affirm.

## I. BACKGROUND

This case arises out of the foreclosure sale of property located in Grand Rapids, Michigan (the property). The original property owner took out a mortgage on the property, and he died approximately eleven years later. The mortgage was assigned to respondent SLS, and in the meantime, petitioner BAERE purchased the property via quit claim deed from the original property owner's son. The mortgage eventually fell into default, whereupon respondent initiated a foreclosure by advertisement. As of the day of the foreclosure sale, the amount of the indebtedness on the mortgage was $51,915.75. Respondent made an initial bid of $20,300. The successful bidder, non-party RDG New Homes, LLC, bid $50,000. Respondent received $20,300 following the sale, and the Sheriff held the remaining proceeds. The parties both sought the remaining $29,700 of "surplus" funds. After holding a hearing and considering the parties' arguments, the trial court determined that petitioner was not entitled to any funds from the foreclosure sale, because respondent's mortgage was not satisfied by the proceeds of the sale. Accordingly, the trial court granted respondent's motion for the remaining $29,700 from the sale. Petitioner appeals, arguing that the trial court misinterpreted MCL 600.3252.

-1-

## II. STANDARD OF REVIEW

We review a trial court's ruling on a motion for summary disposition de novo. *Auto Club Group Ins Co v Burchell*, 249 Mich App 468, 479; 642 NW2d 406 (2001). "A summary disposition motion under MCR 2.116(C)(10) tests the factual support for a claim and should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgement as a matter of law." *Weingartz Supply Co v Salsco Inc*, 310 Mich App 226, 232; 871 NW2d 375 (2015). A genuine issue of material fact exists when the record, "giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ." *Shallal v Catholic Social Servs of Wayne Co*, 455 Mich 604, 609; 566 NW2d 571 (1997). We also review de novo questions of statutory interpretation, with the goal of ascertaining and applying the intent of the Legislature as expressed by the language of the statute. *In re $55,336.17 Surplus Funds*, 319 Mich App 501, 506-507; 902 NW2d 422 (2017).

## III. ANALYSIS

As noted, petitioner argues that the trial court misinterpreted MCL 600.3252 and erroneously rejected petitioner's claim that it was the only party entitled to the surplus funds. We disagree.

MCL 600.3252 provides, in its entirety:

> If after any sale of real estate, made as herein prescribed, there shall remain in the hands of the officer or other person making the sale, *any surplus money after satisfying the mortgage on which the real estate was sold*, and payment of the costs and expenses of the foreclosure and sale, the surplus shall be paid over by the officer or other person on demand, to the mortgagor, his legal representatives or assigns, unless at the time of the sale, or before the surplus shall be so paid over, some claimant or claimants, shall file with the person so making the sale, a claim or claims, in writing, duly verified by the oath of the claimant, his agent, or attorney, that the claimant has a subsequent mortgage or lien encumbering the real estate, or some part thereof, and stating the amount thereof unpaid, setting forth the facts and nature of the same, in which case the person so making the sale, shall forthwith upon receiving the claim, pay the surplus to, and file the written claim with the clerk of the circuit court of the county in which the sale is so made; and thereupon any person or persons interested in the surplus, may apply to the court for an order to take proofs of the facts and circumstances contained in the claim or claims so filed. Thereafter, the court shall summon the claimant or claimants, party, or parties interested in the surplus, to appear before him at a time and place to be by him named, and attend the taking of the proof, and the claimant or claimants or party interested who shall appear may examine witnesses and produce such proof as they or either of them may see fit, and the court shall thereupon make an order in the premises directing the disposition of the surplus moneys or payment thereof in accordance with the rights of the claimant or claimants or persons interested. [(emphasis added).]

A mortgage is "[a] conveyance of an interest in real estate to secure the performance of an obligation, typically a debt. The very purpose of mortgage foreclosure is to ensure that the mortgagor's debt, secured by a mortgage to a mortgagee, is satisfied." *In re $55,336.17 Surplus Funds*, 319 Mich App at 508 (quotation marks and citation omitted; alteration in original).

Petitioner argues that respondent's mortgage was satisfied once it received the $20,300 payment from the foreclosure sale. Petitioner points out, correctly, that a foreclosure sale extinguishes the mortgage. *Mortgage & Contract Co v First Mortgage Bond Co*, 256 Mich 451, 452; 240 NW 39 (1932). Petitioner argues that respondent's bid of $20,300 represented the amount necessary to satisfy the mortgage. Petitioner argues that, therefore, any amount exceeding this bid constituted surplus funds because the funds remained "in the hands of the officer or other person making the sale." Petitioner asserts that, in this case, MCL 600.3252 only permits the mortgagor, or in this case petitioner as the mortgagor's assignee, to obtain those surplus funds.

Petitioner's argument depends on the meaning of the phrase, "after satisfying the mortgage on which the real estate was sold." MCL 600.3252. We must first decide whether the mortgage was satisfied before we can determine if a surplus existed. The terms "satisfy" and "surplus" are not defined in the statute. As a result, we will consult the dictionary to determine the common and ordinary meanings of the words. See *Krohn v Home-Owners Ins Co*, 490 Mich 145, 156; 802 NW2d 281 (2011). The word "satisfy" is defined, in relevant part, as "to carry out the terms of (as a contract): DISCHARGE," and "to meet a financial obligation to." *Merriam-Webster's Collegiate Dictionary* (11th ed). *Merriam-Webster's Collegiate Dictionary* (11th ed) defines "surplus," in pertinent part, as "the amount that remains when use or need is satisfied."

We further observe that a mortgage is fundamentally a security for a debt or liability, and extinguishment of the debt therefore extinguishes the mortgage. *Ginsberg v Capitol City Wrecking Co*, 300 Mich 712, 717-718; 2 NW2d 892 (1942). However, the inverse is not true: extinguishment of the mortgage does not necessarily extinguish the debt, unless the total amount due under the terms of the mortgage is paid at the foreclosure sale. *Dunitz v Woodford Apartments Co*, 236 Mich 45, 49; 209 NW 809 (1929); *Bank of Three Oaks v Lakefront Properties*, 178 Mich App 551, 555; 444 NW2d 217 (1989). Because the amount due on the mortgage was $51,925.75 at the time of the sale, and the successful bid was $50,000, the debt was not extinguished. Furthermore, respondent was paid only $20,300, leaving $31,625.75 remaining due under the mortgage. Consequently, respondent would be permitted to pursue a deficiency judgment against the original property owner's estate as the debtor. See *Bank of America NA v First American Title Ins Co*, 499 Mich 74, 88; 878 NW2d 816 (2016). Finally, we note that the purpose of MCL 600.3252 is to protect the rights of others after the mortgagee has recovered its debt. *In re $55,337.17 Surplus Funds*, 319 Mich App at 510-511.

We conclude that, when the definitions of "satisfy" and "surplus" are read in context with the case law, it is unambiguous that "satisfying the mortgage" refers to paying off the entirety of the debt secured by the mortgage. In other words, *satisfying* a mortgage and *extinguishing* the mortgage are not synonymous. It is therefore beyond dispute that respondent's mortgage was not "satisfied," and no surplus funds existed for petitioner to seek.

In the alternative, petitioner argues that that the mortgage was satisfied once respondent received the $20,300 payment from the foreclosure sale, because respondent expressly agreed to that amount in its "bid sheet." In other words, respondent agreed that the lesser amount would satisfy the mortgage. Petitioner concludes that respondent agreed that its mortgage would be satisfied and discharged in exchange for the $20,300, so any further amount of money must necessarily constitute a surplus. Respondent contends that "[t]he bid sheet is not signed document, it is not a contract, it is not an agreement and it is not a waiver of any deficiency." We agree with respondent that the "bid sheet" does not appear to be a contract or a binding admission establishing the amount of the debt. We are aware of no law requiring mortgagees to bid the full amount owed during a foreclosure sale, and we decline to create any such law.

## IV. CONCLUSION

We conclude that the phrase "satisfying the mortgage" in MCL 600.3252 refers to paying the entirety of the debt secured by the mortgage. We are aware of no legal requirement for mortgagees to bid the full amount of any outstanding debt at a foreclosure sale, and the "bid sheet" in this matter did not constitute a contract or admission. The trial court therefore correctly denied the petition and granted respondent's motion for the funds.

Affirmed. Respondent, being the prevailing party, may tax costs. MCR 7.219(A).

/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause
/s/ Colleen A. O'Brien

-4-