*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DERAK CARRINGTON and ELIZABETH
CARRINGTON,

        Plaintiffs-Appellants,

v

U.S. BANK TRUST NATIONAL ASSOCIATION
AS TRUSTEE OF THE CABANA SERIES III
TRUST,

        Defendant-Appellee.

UNPUBLISHED
October 24, 2025
10:34 AM

No. 369733
Wayne Circuit Court
LC No. 22-015304-CH

Before: REDFORD, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

In this action to quiet title, plaintiffs appeal by right the trial court's order granting summary disposition to defendant under MCR 2.116(C)(8) and (10). We affirm.

## I. BACKGROUND

This case arises from the August 2019 foreclosure of the mortgage on plaintiffs' home in Detroit, Michigan. Defendant is the assignee of the mortgage on plaintiffs' home. Plaintiffs executed the subject mortgage to secure a loan in favor of Mortgage Electronic Registration Systems (MERS) on April 30, 2004. The mortgage was subsequently assigned to Federal Home Loan Mortgage (FHLM) Corporation and GMAC Mortgage, LLC (GMAC Mortgage).

The proceedings giving rise to this appeal were not the first time a lender attempted to foreclose on this mortgage. The record reflects that, on August 26, 2010, a sheriff's sale following a foreclosure by advertisement was held. After the statutory redemption period expired, FHLM filed suit in the 36th District Court to recover possession of the subject property. A judgment of possession was entered in favor of FHLM. Plaintiffs appealed. On November 7, 2012, the Wayne Circuit Court set aside the judgment of possession, declared the foreclosure invalid, and vacated the sheriff's sale. Thereafter, FHLM and GMAC Mortgage recorded an affidavit to expunge the sheriff's deed of sale. The affidavit further stated that FHLM and GMAC Mortgage would not rely on the foreclosure.

-1-

On October 26, 2017, plaintiff Derak Carrington executed a loan modification agreement with respect to the April 30, 2004 mortgage. After plaintiffs defaulted on the terms of the loan modification agreement, the mortgage was foreclosed by defendant, as assignee of the mortgage.[1] On August 8, 2019, defendant purchased the property at the sheriff's sale. Following the expiration of the statutory redemption period, defendant filed suit in the 36th District Court to recover possession of the subject property. After plaintiff Elizabeth Carrington filed for bankruptcy, the district court matter was administratively closed in March 2021. In November 2022, defendant moved to reopen the 36th district court matter after the bankruptcy proceedings were finalized.[2]

In December 2022, plaintiffs commenced this action to quiet title. Plaintiffs asserted that, in 2012, they won their appeal of the 36th District action brought by GMAC Mortgage and MERS in which plaintiffs had alleged that the foreclosure of the mortgage on their home, and the assignments of that mortgage, were unlawful. Plaintiffs contended that title to their home was settled in the context of bankruptcy proceedings in the United States District Court for the Eastern District of Michigan after defendant paid $25,000 to the bankruptcy estate "for creating a burdensome claim against the subject property." Plaintiffs questioned the validity of defendant's claim to the property, asserting that there was not a valid assignment or a valid sheriff's deed because "the original mortgage and foreclosure sale [were] deemed invalid" in 2012. Plaintiffs claimed to be victims "of fraud and a possible scam" by defendant. In addition to damages, plaintiffs sought to enjoin the disposal, sale or transfer of the subject property.

Defendant moved for summary disposition under MCR 2.116(C)(8) and (10). After the trial court granted plaintiffs the opportunity to amend their complaint, defendant supplemented its motion for summary disposition. Defendant asserted that the mortgage was properly foreclosed under MCL 600.3204 as a result of plaintiffs' default on the 2017 loan modification. Defendant argued that plaintiffs did not have the requisite standing to challenge the foreclosure because they did not redeem the subject property within the statutory redemption period. Defendant also contended that plaintiffs failed to plead their fraud claim with sufficient particularity. Defendant maintained that there was no genuine issue of material fact regarding whether defendant had the ability to foreclose on the April 30, 2004 mortgage following the October 26, 2017 loan modification agreement.

In response, plaintiffs argued that the April 30, 2004 mortgage was fully discharged on July 16, 2004 and thus any resulting assignments by the firm that handled the first foreclosure were fraudulent. Plaintiffs also asserted that defendant's claim that they lacked standing to challenge the foreclosure was not reflective of the law in Michigan, given that a clear showing of fraud or irregularity would allow for an equitable extension of the applicable redemption period. Plaintiffs also argued that defendant's predecessor used "deceptive language and misrepresented the nature of the transaction" to Derak concerning the loan modification, an agreement that lacked a meeting

---

[1] The mortgage was assigned to defendant on December 28, 2018.

[2] The record reflects that the motion to reopen the 36th District Court proceedings was pending as of the date defendant moved for summary disposition in the underlying circuit court proceedings in this matter.

of the minds and consideration. Plaintiffs asserted that defendant had not presented any evidence of its lawful interest in the April 30, 2004 mortgage, aside from "fraudulent assignments" that amounted to "pure deception."

Following a hearing, the trial court granted defendant's motion. The trial court concluded that plaintiffs lacked "standing to contest the property previously foreclosed, that the redemption period has expired with Plaintiff[s] failing to redeem the property or otherwise assert their claims, and that Plaintiff[s] [have] failed to plead fraud with specificity[.]" Plaintiffs now appeal.

## II. FRAUD

Plaintiffs first argue that the trial court erred by dismissing their claims on the basis that they did not allege fraud and related deficiencies with regard to the mortgage by advertisement with sufficient particularity. We disagree.

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). The trial court did specify under which subpart of MCR 2.116 it was granting summary disposition. However, it is apparent from the record that the trial court's grant of summary disposition to defendant on plaintiffs' fraud claim was based on the pleadings and thus MCR 2.116(C)(8) is the appropriate basis for review of this issue. "A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *Id*. A court must accept all factual allegations as true and review the matter on the pleadings alone. *Id*. at 160. The grant of a motion under MCR 2.116(C)(8) is only appropriate "when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*. Conclusory statements unsupported by factual allegations are insufficient to state a cause of action. *Varela v Spanski*, 329 Mich App 58, 79; 941 NW2d 60 (2019). A party alleging fraud must state with particularity the circumstances constituting fraud. MCR 2.112(B)(1); *Bailey v Antrim Co*, 341 Mich App 411, 428; 990 NW2d 372 (2022).

Under the court rules, when a party is making allegations of fraud, the circumstances constituting fraud or mistake are required to be stated with particularity. MCR 2.112(B)(1); *Bailey v Antrim Co*, 341 Mich App 411, 428; 990 NW2d 372 (2022).[3] Plaintiffs alleged in their first amended complaint that defendant engaged in "wrongful conduct," and that they were not required to make payments on the loan modification agreement because of the fraudulent nature of the agreement. Plaintiffs asserted that defendant and its counsel had engaged in a "scheme of bribery" to release defendant of its obligation to prove its claim to the subject property during the bankruptcy proceedings, and that defendant was also unable to show that it had received its interest in the property by way of a valid assignment of the mortgage. Plaintiffs also claimed that the April 30, 2004 mortgage was "deemed invalid back on November 7, 2012." Plaintiffs further

---

[3] MCR 2.112(B) provides, in pertinent part:

**(B) Fraud, Mistake, or Condition of Mind**.

(1) In allegations of fraud or mistake, the circumstances constituting fraud or mistake must be stated with particularity.

alleged that "multiple illegal [and] unlawfully alleged assignments" had been filed against the property, and that defendant could not benefit and take priority from a "fraudulent transaction." Claiming they had title to the property, plaintiffs accused defendant of engaging in "fraud and a possible scam."

The trial court concluded that the first amended complaint did not describe plaintiffs' allegations of fraud regarding the execution of the loan modification documents with sufficient particularity. The trial court further determined that the first amended complaint did not specifically address the allegations of deficiencies in the foreclosure process and sale. Reviewing plaintiffs' first amended complaint and accepting all factual allegations as true, *El-Khalil*, 504 Mich at 159, the nature of plaintiffs' claims are not entirely clear and are difficult to discern. For example, aside from numerous general allegations fraught with conjecture and speculation, plaintiffs were unable to state with clarity how the loan modification procedure was procured by fraud or deception. Plaintiffs also accused defendant of engaging in fraudulent transactions and unsavory business tactics. We agree with the trial court that the first amended complaint did not contain the requisite level of detail to support their allegations of fraudulent behavior on the part of defendant both during the loan modification process and during the 2019 foreclosure by advertisement. While acknowledging that plaintiffs were representing themselves in the trial court and were not attorneys, the record reflects that the court gave plaintiffs the opportunity to amend their complaint in order to more definitively state their allegations against defendant. Plaintiffs were provided ample time and opportunity to clarify the nature of their allegations of fraud, as well as their claims that the 2019 foreclosure process was legally deficient, but plaintiffs did not taken advantage of the opportunity to amend their initial complaint to articulate their allegations more precisely.

Accordingly, particularly under the specific circumstances of this case, we are not persuaded that the trial court erred in granting summary disposition of plaintiffs' claims under MCR 2.116(C)(8).[4]

## III. STANDING

Plaintiffs also argue that the trial court erred by concluding that they did not have standing to challenge the mortgage foreclosure following the expiration of the statutory six-month redemption period. We disagree.

Whether a party has standing to pursue litigation is a question of law that this Court reviews de novo. *Wilmington Savings Fund Society, FSB v Clare*, 323 Mich App 678, 684; 919 NW2d 420 (2018).

Under Michigan law, the concept of standing refers to the plaintiff's right to invoke the trial court's authority to adjudicate and address the plaintiff's claimed injury. *Pueblo v Haas*, 511 Mich 345, 355; 999 NW2d 433 (2023). The purpose of the standing doctrine is to ensure that the

---

[4] Given our disposition of this issue it is not necessary for us to address plaintiffs' claim on appeal that defendant did not establish an interest in the property because the mortgage assignments to defendant were invalid.

litigant will participate in sincere and vigorous advocacy. *Lansing Schs Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 355; 792 NW2d 686 (2010) (*LSEA*). While the question of standing has played its greatest role in cases involving public rights, our Supreme Court has also invoked the doctrine in cases implicating private rights. *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket Nos. 165537, 165538, and 165964); slip op at 18. Quoting its earlier ruling in *LSEA*, 487 Mich at 372, our Supreme Court recently explained our state's doctrine of standing in *C-Spine Orthopedics*, ___ Mich at ___; slip op at 18:

> [A] litigant has standing whenever there is a legal cause of action. Further, whenever a litigant meets the requirements of MCR 2.605, it is sufficient to establish standing to seek a declaratory judgment. Where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant.

Our Court has recognized that Michigan's foreclosure statutes require strict compliance, but under certain circumstances trial courts may provide equitable relief involving cases of fraud, accident, or mistake. *Great Lakes Prop Mgt Consultants, Inc v HP Foreclosure Solution, LLC*, 347 Mich App 691, 699, 714; 16 NW3d 570 (2023). While this Court has also acknowledged that statutory redemption under the foreclosure statutes of this state " 'can neither be enlarged nor abridged by the courts,' " our state's jurisprudence is also well-settled that equitable extensions of the statutory redemption periods are permitted in cases involving fraud or irregularity in the foreclosure process. *Id*. at 712-713, quoting *Gordon Grossman Bldg Co v Elliott*, 382 Mich 596, 603; 171 N2d 441 (1969). For example, in *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014), this Court held that under MCL 600.3240, once a sheriff's sale is completed, a mortgagor was required to redeem the foreclosed property by paying the requisite amount within the statutory time limit. Under the circumstances of that case, this Court held that because the mortgage was not redeemed within the statutory time period, "the mortgagor's rights in and to the property [were] extinguished." *Bryan*, 304 Mich App at 713. Put another way, because the plaintiff had not pursued the right of redemption within the applicable time frame, she lost standing to pursue her claim. Similar to the facts in this case, the plaintiff in *Bryan* alleged that the defendant was not the owner of the indebtedness secured by the mortgage and also alleged deficiencies in the foreclosure by advertisement process.[5] *Id*. at 711. The *Bryan* Court recognized that the statutory redemption period could be equitably extended on "a clear showing of fraud, or irregularity." *Id*. at 711 (cleaned up).

---

[5] Specifically, in *Bryan*, 304 Mich App at 711, the plaintiff asserted the foreclosure process was deficient on the basis that the defendant was not the servicing agent of the mortgage as required by the applicable statute, MCL 600.3204(1)(d), and that the defendant had not recorded its interest in the property before the sheriff's sale.

In support of their contention that they have standing to challenge the mortgage foreclosure by advertisement, plaintiffs cite a line of caselaw holding that the timeline under which a mortgage may be redeemed may be equitably extended if there is a "clear showing of fraud, or irregularity." *Schulthies v Barron*, 16 Mich App 246, 247-248; 167 NW2d 784 (1969), citing *Heimerdinger v Heimerdinger*, 299 Mich 149; 299 NW 844 (1941).[6] However, after reviewing plaintiffs' myriad challenges to the foreclosure by advertisement, we have determined that plaintiffs failed to plead a clear showing of fraud or irregularity that would justify an equitable extension of the redemption period. Accordingly, plaintiffs' contention that they had standing to challenge the mortgage foreclosure after the redemption period expired is not persuasive.

Affirmed.

/s/ James Robert Redford
/s/ Thomas C. Cameron
/s/ Sima G. Patel

---

[6] In *Schulthies*, 16 Mich App at 248, this Court declined to extend the doctrine of fraud and irregularity to extend the statutory foreclosure redemption periods under Michigan law for mistake. Although *Schulthies* was issued before November 1, 1990, this Court's published decisions are considered precedent under MCR 7.215(C)(2) and the principles of stare decisis. See *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018). The precedential effect of a case should not be rejected "simply because it is an older case." *Id*. Notably, this Court recently cited *Schulthies* with approval for the same principle of law in *Great Lakes Prop Mgt Consultants*, 347 Mich App at 712-713.