BRYAN v JPMORGAN CHASE BANK

Docket No. 313279. Submitted April 8, 2014, at Detroit. Decided April 10, 2014, at 9:05 a.m. Leave to appeal sought.

Glenna Bryan brought an action in the Oakland Circuit Court against JPMorgan Chase Bank (Chase), seeking to set aside a sheriff's sale of her home. Bryan obtained a home loan from Washington Mutual Bank (WaMu) that was secured by a mortgage interest given to WaMu. WaMu was subsequently closed by a federal agency, the Office of Thrift Supervision, which appointed the Federal Deposit Insurance Corporation (FDIC) as receiver. Chase acquired Bryan's loan from the FDIC. Bryan then defaulted on her mortgage payments. Chase foreclosed by advertisement and purchased the property at the sheriff's sale. After the redemption period expired, Chase brought an eviction action against Bryan in the 48th District Court, which granted judgment in favor of Chase. Bryan filed a claim of appeal in the circuit court and a bankruptcy petition in the Eastern District of Michigan. The initial bankruptcy petition was dismissed, but Bryan filed a second bankruptcy petition. Several months later, the bankruptcy court entered an order of discharge. Bryan's appeal in the eviction case was then reopened, and the circuit court granted Chase's motion to permit immediate execution of the eviction order. Bryan subsequently filed this action alleging that Chase was neither the owner of the indebtedness secured by the mortgage nor the servicing agent of the mortgage and, therefore, the sheriff's sale was void *ab initio*. Both parties moved for summary disposition. The circuit court granted summary disposition in favor of Chase. Bryan appealed.

The Court of Appeals *held*:

1. Under MCL 600.3236, unless the property is redeemed within the period provided, the sheriff's deed becomes operative and vests in the grantee all the right, title, and interest that the mortgagor had at the time of execution of the mortgage or at any time thereafter. If the mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished. By failing to redeem the property within the applicable period, Bryan lost standing to bring her claim.

2. Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical. A second action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies. Collateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding. In this case, the eviction action involved the same parties, was decided on the merits, and Bryan raised the argument that the foreclosure was void *ab initio*. Therefore, res judicata and collateral estoppel precluded Bryan from bringing this action.

3. Under MCL 600.3204(3), if the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist before the date of sale showing the assignment of the mortgage to the party foreclosing the mortgage. Defects or irregularities in a foreclosure proceeding, however, result in a foreclosure that is voidable not void *ab initio*. To set aside a foreclosure sale a plaintiff must show that he or she was prejudiced by the defendant's failure to comply with MCL 600.3204 by demonstrating that the plaintiff would have been in a better position to preserve his or her interest in the property absent the defendant's noncompliance with the statute. In this case, Bryan made no argument that she was prejudiced by Chase's failure to record its interest in the property and, therefore, Bryan was not entitled to relief. Accordingly, even if Bryan had standing to sue and even if the principles of res judicata and collateral estoppel did not prevent plaintiff from bringing her claim, Chase was entitled to summary disposition because Bryan failed to demonstrate prejudice resulting from the foreclosure irregularity.

Affirmed.

1. PROPERTY — MORTGAGES — FORECLOSURE — EXPIRATION OF THE REDEMPTION PERIOD — STANDING TO CHALLENGE THE FORECLOSURE.

Under MCL 600.3236, after foreclosure by advertisement and a sheriff's sale, unless property is redeemed within the period provided, the sheriff's deed becomes operative and vests in the grantee all the right, title, and interest that the mortgagor had at the time of execution of the mortgage or at any time thereafter; if the mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extin-

guished; by failing to redeem the property within the redemption period, the mortgagor loses standing to bring a quiet title action.

2. PROPERTY — MORTGAGES — FORECLOSURE — DEFECTS OR IRREGULARITIES IN THE FORECLOSURE PROCEEDING — VOIDABLE.

Under MCL 600.3204(3), if the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist before the date of sale showing the assignment of the mortgage to the party foreclosing the mortgage; defects or irregularities in a foreclosure proceeding, however, result in a foreclosure that is voidable not void *ab initio*; to set aside a foreclosure sale a plaintiff must show that he or she was prejudiced by the defendant's failure to comply MCL 600.3204 by demonstrating that the plaintiff would have been in a better position to preserve his or her interest in the property absent the defendant's noncompliance with the statute.

*Darwyn P. Fair & Associates, PC* (by *Darwyn P. Fair*), for Glenna Bryan.

*Dykema Gossett PLLC* (by *Joseph H. Hickey, Jill M. Wheaton, Laura C. Baucus*, and *Jong-Ju Chang*) for JPMorgan Chase Bank.

Before: BORRELLO, P.J., and WHITBECK and K. F. KELLY, JJ.

PER CURIAM. Plaintiff, Glenna Bryan, appeals as of right an order granting summary disposition in favor of defendant, JPMorgan Chase Bank, in this quiet title action. Finding no errors warranting reversal, we affirm.

I. BASIC FACTS

The trial court's order granting summary disposition for defendant set forth the background facts of this case, none of which is in dispute:

This lawsuit arises from the foreclosure of a house located in Bloomfield Hills. Plaintiff defaulted on her mortgage payments and Defendant foreclosed by advertisement. On

January 26, 2010, the property was sold at a Sheriff's Sale. Defendant was the purchaser and the Sheriff's Deed was recorded on February 2, 2010. The redemption period expired on June 26, 2010. A Judgment of Possession was entered by the District Court on August 11, 2010. On August 31, 2010, Plaintiff filed a Claim of Appeal and a Chapter 7 Bankruptcy Petition. The Bankruptcy case was dismissed on November 29, 2010. On April 11, 2011, Plaintiff filed a second Chapter 7 Bankruptcy Petition. On August 23, 2011, the Bankruptcy Court entered an Order discharging Plaintiff. The Appeal case was reopened on February 7, 2012 and this Court granted the motion to allow immediate execution of the Order of Eviction. The District Court denied Plaintiff's motion to set aside the Judgment of Possession on February 14, 2012. A Delayed Application for Leave to Appeal was filed and dismissed by this Court on March 8, 2012. Plaintiff filed this lawsuit on January 31, 2012, seeking to quiet title and alleging unjust enrichment, deceptive/unfair practice and wrongful foreclosure.

Plaintiff's complaint alleged, *inter alia*, that defendant was not the owner of the indebtedness secured by the mortgage nor the servicing agent of the mortgage as required in MCL 600.3204(1)(d). Specifically, plaintiff alleged that defendant acquired its interest in the property from the Federal Deposit Insurance Corporation (FDIC) as receiver when the original mortgagee, Washington Mutual Bank, was closed. However, defendant failed to record its interest in the property before the sheriff's sale. Plaintiff alleged that the sheriff's sale was, therefore, void *ab initio*.

The parties filed competing motions for summary disposition. Plaintiff admitted that the redemption period had expired, but argued that she still had standing to sue because of "fraud or irregularity" in the foreclosure process, specifically defendant's failure to record its mortgage interest before the sale, as required by MCL 600.3204(3) and *Kim v JPMorgan*

*Chase Bank, NA,* 295 Mich App 200; 813 NW2d 778 (2012).[1] Plaintiff did not believe that her claim was barred by res judicata or collateral estoppel because, although the district court had determined that defendant was entitled to possession, that decision was being appealed. Additionally, *Kim* was not decided until January 2012 and, therefore, the issue of whether the foreclosure was void *ab initio* was never fully addressed or resolved.

Defendant argued that plaintiff's claim was barred by the doctrines of res judicata and collateral estoppel. Defendant further argued that, even if res judicata and collateral estoppel did not apply, plaintiff had no standing to challenge the foreclosure when the redemption period had expired and plaintiff had failed to redeem the property.

The trial court issued a written order granting defendant's motion for summary disposition and denying plaintiff's motion for summary disposition:

> The Court finds that Defendant is entitled to summary disposition. *Res Judicata* and collateral estoppel bar Plaintiff from challenging the foreclosure proceedings. There is no legal support for Plaintiff's argument that *Kim v JP Morgan Chase,* 295 Mich App 200 (2012) has retroactive effect that exempts Plaintiff from *res judicata* and collateral estoppel. Because the redemption period has expired, Plaintiff does not have standing to assert any interest in the subject property. The Court finds that Plaintiff has failed to state any claims upon which relief can be granted.

Plaintiff's motion for reconsideration was denied on October 19, 2012. She now appeals as of right.

---

[1] As discussed later in this opinion, *Kim* was subsequently reversed in part.

II. ANALYSIS

The trial court granted defendant summary disposition pursuant to MCR 2.116(C)(8). "MCR 2.116(C)(8) tests the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which relief may be granted. The motion must be granted if no factual development could justify the plaintiffs' claim for relief." *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). This Court reviews de novo a trial court's decision on a motion for summary disposition. *Coblentz v Novi*, 475 Mich 558, 567; 719 NW2d 73 (2006). "The applicability of res judicata is a question of law that is reviewed de novo on appeal." *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 10; 672 NW2d 351 (2003).

Defendant argues that plaintiff lacked standing to bring this action because the statutory period of redemption had expired and plaintiff made no effort to redeem the property. We agree.

Pursuant to MCL 600.3240, after a sheriff's sale is completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit, which here was six months. "Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter . . . ." MCL 600.3236. If a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished. *Piotrowski v State Land Office Bd*, 302 Mich 179, 187; 4 NW2d 514 (1942).

We have reached this conclusion in a number of

unpublished cases and, while unpublished cases are not precedentially binding, MCR 7.215(C)(1), we find the analysis and reasoning in each of the following cases to be compelling. Accordingly, we adopt their reasoning as our own. See *Overton v Mtg Electronic Registration Sys*, unpublished opinion per curiam of the Court of Appeals, issued May 28, 2009 (Docket No. 284950), p 2 ("The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity. Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished.") (citation and quotation marks omitted); *Hardwick v HSBC Bank USA*, unpublished opinion per curiam of the Court of Appeals, issued July 23, 2013 (Docket No. 310191), p 2 ("Plaintiffs lost all interest in the subject property when the redemption period expired . . . . Moreover, it does not matter that plaintiffs actually filed this action one week before the redemption period ended. The filing of this action was insufficient to toll the redemption period. . . . Once the redemption period expired, all plaintiffs' rights in the subject property were extinguished."); *BAC Home Loans Servicing, LP v Lundin*, unpublished opinion per curiam of the Court of Appeals, issued May 23, 2013 (Docket No. 309048), p 4 ("[O]nce the redemption period expired, [plaintiff's] rights in and to the property were extinguished. . . . Because [plaintiff] had no interest in the subject matter of the controversy [by virtue of MCL 600.3236], he lacked standing to assert his claims challenging the foreclosure sale."); *Awad v Gen Motors Acceptance Corp*, unpublished opinion per curiam of the Court of Appeals, issued April 24, 2012 (Docket No. 302692), pp 5-6 ("Although she filed suit before expiration of the

redemption period, [plaintiff] made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Upon the expiration of the redemption period, all of [plaintiff's] rights in and title to the property were extinguished, and she no longer had a legal cause of action to establish standing."). We hold that by failing to redeem the property within the applicable time, plaintiff lost standing to bring her claim.

Plaintiff's claims were also barred by the principles of res judicata and collateral estoppel.

"The doctrine of res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, that is, to foster the finality of litigation." *Begin v Mich Bell Tel Co*, 284 Mich App 581, 599; 773 NW2d 271 (2009), overruled on other grounds by *Admire v Auto-Owners Ins, Co*, 494 Mich 10 (2013).

> Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical. A second action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies.
>
> Michigan courts have broadly applied the doctrine of res judicata. They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not. [*Dart v Dart*, 460 Mich 573, 586; 597 NW2d 82 (1999) (citations omitted).]

Similarly,

> Collateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding. The doctrine bars

relitigation of issues when the parties had a full and fair opportunity to litigate those issues in an earlier action. A decision is final when all appeals have been exhausted or when the time available for an appeal has passed. [*Leahy v Orion Twp*, 269 Mich App 527, 530; 711 NW2d 438 (2006) (citations omitted).]

In this case, the prior eviction involved the same parties as the present case, the case was decided on its merits, and plaintiff raised the argument that the foreclosure was void *ab initio*; therefore, res judicata and collateral estoppel precluded plaintiff from bringing this quiet title action.

Moreover, even if plaintiff had standing to sue and even if the principles of res judicata and collateral estoppel did not prevent plaintiff from bringing her claim, defendant was nevertheless entitled to summary disposition because plaintiff failed to demonstrate prejudice as a result of the foreclosure irregularity.

MCL 600.3204(3) provides that "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under [MCL 600.3216] evidencing the assignment of the mortgage to the party foreclosing the mortgage." In *Kim*, 295 Mich App 200, the defendant was not the original mortgagee and, like defendant here, acquired its interest in the mortgage by assignment from the FDIC, who was the receiver for the failed bank. The defendant argued that it was relieved of recording its interest in the mortgage because it acquired that interest "by operation of law." *Id.* at 202-203, 205. This Court disagreed and held:

> [P]ursuant to the plain language of MCL 600.3204(3), defendant was required to record its mortgage interest before the sheriff's sale. Because defendant failed to do so, it was not statutorily authorized to proceed with the sale. See MCL 600.3204(3) ("If the party foreclosing a mortgage

by advertisement is not the original mortgagee, a record chain of title *shall* exist prior to the date of sale . . . ."[)] (emphasis added); see also *Davenport v HSBC Bank USA*, 275 Mich App 344, 347-348; 739 NW2d 383 (2007) ("Because defendant lacked the statutory authority to foreclose, the foreclosure proceedings were void *ab initio*."). Accordingly, the trial court erred by granting summary disposition for defendant and denying summary disposition for plaintiffs when they were entitled to set aside the sheriff's deed. [*Kim*, 295 Mich App at 208.]

In the trial court, plaintiff's counsel argued that "[t]he only issue that's really before the Court is whether res judicata and collateral estoppel is a defense to the Kim case." Counsel further argued: "So, if Kim says what happened in this case is void ab initio, then does that apply retroactively to res judicata and to collateral estoppel? And, we say of course it does, because . . . if it's void ab initio, that means it didn't happen. And if it didn't happen, then you can't say, well, res judicata applies." Plaintiff's counsel went on to state: "The question is does it apply to the District Court. And, what I would state to the Court [is] that on January the 30th of this year in the District Court . . . we specifically raised Kim versus JP Morgan. So, without question it has been preserved, it should be given retroactive effect, and collateral estoppel and res judicata should not be a defense to the Kim case."

However, our Supreme Court subsequently reversed that portion of the *Kim* case that held an irregularity in recording a mortgage interest rendered a foreclosure void *ab initio*. In *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 115-116; 825 NW 329 (2012), our Supreme Court explained:

[W]e hold that defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*. Because the Court of Appeals erred by holding to

the contrary, we reverse that portion of its decision. We leave to the trial court the determination of whether, under the facts presented, the foreclosure sale of plaintiffs' property is voidable. In this regard, to set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with MCL 600.3204. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute.

Plaintiff fails to acknowledge our Supreme Court's decision and does not even cite it on appeal. Additionally, plaintiff makes no argument that she was prejudiced as a result of defendant's failure to record its interest. As such, she is not entitled to relief.

Plaintiff's remaining argument—that defendant's conduct resulted in a "deceptive act and/or an unfair practice"—is deemed abandoned. Although plaintiff complains that there was robo-signing, she submits no evidence to support her claim. See *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999) (stating that when a party fails to brief the merits of an issue or cite supporting authority, the issue is deemed abandoned).

Affirmed. As the prevailing party, defendant may tax costs. MCR 7.219.

BORRELLO, P.J., and WHITBECK and K. F. KELLY, JJ., concurred.