# STATE OF MICHIGAN

# COURT OF APPEALS

ARTHUR TALBOT, JR. and KELLEY
BEZRUTCH,

Plaintiffs-Appellants,

v

RICHARD A. DAVIS,

Defendant-Appellee.

UNPUBLISHED
December 17, 2015

No. 323240
Washtenaw Circuit Court
LC No. 14-000386-CZ

Before: SHAPIRO, P.J., and O'CONNELL and WILDER, JJ.

PER CURIAM.

Plaintiffs Arthur Talbot, Jr., and Kelley Bezrutch brought this quiet title action against defendant Richard A. Davis, who subsequently moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). The trial court granted defendant's motion. Plaintiffs now appeal as of right. We affirm.

The trial court did not specify whether it granted the motion under MCR 2.116(C)(8) or (C)(10); however, the trial court relied on plaintiffs' failure to redeem the property, which was a fact outside the pleadings. Accordingly MCR 2.116(C)(10) is the appropriate basis for review. See *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 457; 750 NW2d 615 (2008) ("Where a motion for summary disposition is brought under both MCR 2.116(C)(8) and (C)(10), but the parties and the trial court relied on matters outside the pleadings . . . MCR 2.116(C)(10) is the appropriate basis for review."). We review de novo the trial court's decision on a motion for summary disposition. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). "[A] motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint[.]" *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). Summary disposition under MCR 2.116(C)(10) is proper when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law."

"In an action to quiet title, the plaintiffs have the burden of proof and must make out a prima facie case of title." *Beulah Hoagland Appleton Qualified Personal Residence Trust v Emmet Co Rd Com'n*, 236 Mich App 546, 550; 600 NW2d 698 (1999). Although the property in this case was foreclosed on and the redemption period expired, plaintiffs nevertheless argue that they have a continuing interest in the property, which is evidenced by a post-foreclosure

-1-

assignment. However, it is undisputed that plaintiffs fell behind in their payments, US Bank initiated foreclosure, US Bank purchased the property, US Bank was issued a sheriff's deed, and plaintiffs failed to redeem the property. Accordingly, plaintiffs' interest in the property was extinguished. See *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 714; 848 NW2d 482 (2014) (explaining that once the redemption period expires, the mortgagor's "rights in and title to the property [are] extinguished"). Therefore, plaintiffs cannot make a prima facie showing of their interest, *Beulah Hoagland Appleton Qualified Personal Residence Trust*, 236 Mich App at 550, and the trial court properly granted defendant's motion for summary disposition.[1]

Affirmed.

/s/ Douglas B. Shapiro
/s/ Peter D. O'Connell
/s/ Kurtis T. Wilder

---

[1] In reaching our conclusion, we note that even if plaintiffs' argument that the assignment was invalid had merit, because the foreclosure extinguished their rights to the property, the foreclosure would have to be set aside before plaintiffs could show that they still had an interest in the property. And, on appeal, plaintiffs adamantly argue that they are not challenging the underlying foreclosure.