# STATE OF MICHIGAN

# COURT OF APPEALS

BETHEL DELIVERANCE TABERNACLE
INTERNATIONAL,

        Plaintiff-Appellant,

v

ALLEN H. VIGNERON, ROMAN CATHOLIC
ARCHBISHOP OF THE ARCHDIOCESE OF
DETROIT,

        Defendant-Appellee.

UNPUBLISHED
April 28, 2016

No.  326245
Wayne Circuit Court
LC No.  14-016225-CK

Before:  BECKERING, P.J., and OWENS and K. F. KELLY, JJ.

PER CURIAM.

In this action challenging a foreclosure sale, plaintiff, Bethel Deliverance Tabernacle International, appeals as of right the order granting summary disposition to defendant, Allen H. Vigneron, Roman Catholic Archbishop of the Archdiocese of Detroit.  We affirm.

## I.  PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff, an "Ecclesiastical Corporation" in Taylor, Michigan, purchased church property located at 22210 Champaign Street in Taylor, Michigan in 2011.  Plaintiff financed the $540,000 purchase by obtaining a purchase money mortgage from defendant.  Defendant recorded the mortgage on May 24, 2011.  The mortgage contained a power of sale authorizing defendant to commence foreclosure proceedings in the event of default.  The note secured by the mortgage contained a clause stating that "the terms and conditions of this Note may not be amended, waived or modified except in a writing signed by the Lender expressly stating that the writing constitutes an amendment, waiver or modification of the terms of this Note."

Plaintiff defaulted on the mortgage in 2012 by failing to make payments; it is undisputed that plaintiff never cured the default.  Defendant foreclosed on the mortgage by advertisement.  Defendant initiated foreclosure proceedings and posted notice of the foreclosure in the Detroit Legal News from December 17, 2013, until January 14, 2014.  According to two affidavits, defendant posted notice of the foreclosure proceedings on the property in a conspicuous location on December 19, 2013, and again on December 23, 2013.  The foreclosure sale occurred on January 16, 2014, and defendant purchased the property for $576,596.08.

-1-

The one-year redemption period on the property was set to expire on January 16, 2015. It is undisputed that plaintiff never attempted to redeem the property. Instead, less than one month before the expiration of the redemption period, plaintiff filed a complaint and sought to set aside the foreclosure. Plaintiff alleged, among other matters, that defendant made oral promises about a loan modification and that it would not exercise its right to foreclose on the property, but then proceeded with the sheriff's sale nonetheless.

The redemption period came and went without any effort by plaintiff to redeem the property.[1] Thereafter, defendant moved for summary disposition, arguing that plaintiff's complaint should be dismissed for a number of reasons, including that plaintiff lacked standing to challenge the foreclose after the expiration of the redemption period, and that its claims were barred by the statute of frauds.

The trial court agreed with defendant and granted summary disposition. Plaintiff appeals as of right.

II. ANALYSIS

This Court reviews de novo the trial court's ruling on a motion for summary disposition. *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014).

Plaintiff raises a host of arguments and contends that it was entitled to have the sheriff's sale set aside. As noted above, plaintiff failed to redeem the property during the statutory redemption period. The failure to redeem the property during the redemption period is significant, and dispositive of the issues raised on appeal. In *Bryan*, 304 Mich App 715, this Court held that "by failing to redeem the property within the applicable time, plaintiff lost standing to bring her claim." In that case, the plaintiff defaulted on her mortgage payments, which led to the defendant foreclosing on the property by advertisement. *Id*. at 710. The defendant purchased the property at a sheriff's sale, and the redemption period expired. *Id*. at 711. Thereafter, plaintiff filed suit, seeking to quiet title and alleging unjust enrichment, deceptive/unfair practice, and wrongful foreclosure. *Id*. The plaintiff alleged that the defendant did not own the debt secured by the mortgage, nor was it the servicing agent of the mortgage as required by MCL 600.3204(1)(d). *Id*. at 711. The plaintiff admitted that she failed to redeem the property during the redemption period, and this Court considered the issue of whether the expiration of the redemption period deprived the plaintiff of standing to bring the action. *Id*. at 713.

This Court held that the plaintiff lost standing to bring the action by failing to redeem the property within the statutory redemption period. *Id*. at 715. In reaching this holding, the panel examined MCL 600.3240, noting that pursuant to the statute, "after a sheriff's sale is completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit"—which in that case was six months. *Id*. at 713, citing MCL 600.3240. However, "[i]f a

---

[1] This included a one-week extension of the redemption period ordered by the trial court.

mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished." *Id*.

In *Bryan*, this Court noted that several panels reached the same conclusion, albeit in unpublished decisions. *Id*. at 713-714. This Court found the reasoning in those unpublished decisions "to be compelling" and "adopt[ed] their reasoning as our own." *Id*. at 714. Significant to this case, one of those unpublished cases was *Hardwick v HSBC Bank USA*, unpublished opinion per curiam of the Court of Appeals, issued July 23, 2013 (Docket No. 310191), in which this Court held that, even though the plaintiffs filed their lawsuit before the expiration of the redemption period, the lawsuit did not toll the redemption period. *Id*. As originally stated in *Hardwick* and as adopted by this Court in *Bryan*:

> Plaintiffs lost all interest in the subject property when the redemption period expired . . . . Moreover, it does not matter that plaintiffs actually filed this action one week before the redemption period ended. The filing of this action was insufficient to toll the redemption period . . . . Once the redemption period expired, all plaintiffs' rights in the subject property were extinguished. [*Id*. at 714, quoting *Hardwick*, unpub op at 2.]

In the instant case, plaintiff filed its lawsuit shortly before the expiration of the redemption period. The trial court extended the redemption period for one week, but plaintiff failed to redeem the property. [In fact, plaintiff does not argue that it ever attempted to redeem the property; it just baldly states that the redemption period can be tolled.] The fact that plaintiff filed its lawsuit before the expiration of the redemption period did not toll the redemption period. *Id*. at 714. And, "by failing to redeem the property within the applicable time, plaintiff lost standing to bring [its] claim." *Id*. at 715. Accordingly, because all of plaintiff's claims are essentially an attempt to set aside the foreclosure sale, summary disposition in favor of defendant was appropriate pursuant to MCR 2.116(C)(10) under *Bryan*.

Furthermore, we note that even if plaintiff could establish standing, its claims must nevertheless fail. We have reviewed each of plaintiff's claims of error, and found them to be meritless. Moreover, even assuming an individual claim had merit, plaintiff would still not be entitled to the relief it seeks. To set aside a foreclosure by advertisement—as occurred in this case—a plaintiff

> must allege facts to support three essential elements of the claim: (1) fraud or irregularity in the foreclosure procedure, (2) prejudice to the mortgagor, and (3) a causal relationship between the alleged fraud or irregularity and the alleged prejudice, i.e., that the mortgagor would have been in a better position to preserve the property interest absent the fraud or irregularity. [*Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 210-211; 859 NW2d 238 (2014).]

See also *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 115-116; 825 NW2d 329 (2012) (in order to set aside a foreclosure sale, plaintiffs must show that they were prejudiced by the alleged fraud or irregularity in the proceedings, which requires a showing that they "would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute.").

Here, assuming plaintiff could establish fraud or irregularity, plaintiff's claims would fail because plaintiff has not alleged, nor could it establish, prejudice. Plaintiff has not made any effort to redeem the property. See *Diem*, 307 Mich App at 211, citing *Kim*, 493 Mich at 121 (MARKMAN, J., concurring) (summarizing cases discussing alleged fraud on the borrower). Nor has plaintiff ever alleged that it could have redeemed the property. The lack of allegations of prejudice, and resultant failure to allege any causal connection between the alleged fraud or irregularity and any ability of plaintiff to protect its interests, warranted summary disposition in this case. *Id*. at 212.

Affirmed.

/s/ Jane M. Beckering
/s/ Donald S. Owens
/s/ Kirsten Frank Kelly