*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES TAMBS and TANYA TAMBS,

      Plaintiffs-Appellees,

v

JILL JENNINGS and TIM WELCH,

      Defendants-Appellants.

UNPUBLISHED
February 5, 2019

No. 340498
Ogemaw Circuit Court
LC No. 15-659579-CD

Before: CAVANAGH, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Defendants appeal by right the trial court's ruling following a bench trial that plaintiffs established their cause of action for claim and delivery. The trial court found that plaintiffs had not abandoned personal property that they left behind in their former house after foreclosure and eviction; therefore, defendants unlawfully retained the property when they refused to turn it over to plaintiffs. We conclude that plaintiffs have no cause of action for claim and delivery as a matter of law under the facts of this case. Accordingly, the action should have been dismissed whether on defendants' motion for summary disposition or their motion for summary disposition brought at the close of plaintiffs' proofs at trial.[1] The trial court erred in entering judgment in favor of plaintiffs. Thus, we reverse and remand for entry of judgment in favor of defendants.

There is no dispute that plaintiffs had notice of the foreclosure by advertisement, MCL 600.3201 *et seq.*, and that plaintiffs failed to redeem the property during the redemption period.[2] After the redemption period expired without the property's being redeemed, title vested in the

---

[1] More accurately characterized, the latter motion constituted a motion for involuntary dismissal. See MCR 2.504(B)(2) ("In an action . . . tried without a jury, after the presentation of the plaintiff's evidence, the . . . defendant . . . may move for dismissal on the ground that, on the facts and the law, the plaintiff has no right to relief.").

[2] Evidently, the mortgage company purchased the property at the foreclosure or sheriff's sale.

mortgage company. MCL 600.3236; *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014). "If a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished." *Bryan*, 304 Mich App at 713, citing *Piotrowski v State Land Office Bd*, 302 Mich 179, 187; 4 NW2d 514 (1942). Accordingly, plaintiffs no longer held any legal or equitable rights in the property after the redemption period expired.

Because plaintiffs failed to vacate the house at the conclusion of the redemption period, the mortgage company initiated an eviction action in the district court under the summary proceedings act, MCL 600.5701 *et seq.* Pursuant to a consent judgment of possession, plaintiffs agreed that the mortgage company could apply for an order of eviction if plaintiffs failed to vacate the premises by November 16, 2014. Plaintiffs moved out of the home by that date, but they left personal property behind. Thereafter, defendants purchased the property from the mortgage company, and they acquired fee simple title to the house. It is undisputed that plaintiffs left garbage strewn throughout the house, that the furnace was not functioning, that the doors were not secured or locked, and that there was a dead dog under the porch. Even though plaintiffs had lost their rights in the real estate, defendants initially gave plaintiffs an opportunity to retrieve their personal property in December 2014. Nonetheless, plaintiff Tanya Tambs neither showed up to an agreed-to meeting with defendant Tim Welch, nor did she contact Welch beforehand to let him know that she would not make it.[3]

An action for claim and delivery was formerly known as an action for replevin. *Whitcraft v Wolfe*, 148 Mich App 40, 44 n 1; 384 NW2d 400 (1985); see also MCR 3.105(A) ("A statutory reference to the action of replevin is to be construed as a reference to the action of claim and delivery."). MCL 600.2920(1) provides that "[a] civil action may be brought to recover possession of any goods or chattels which have been unlawfully taken or unlawfully detained and to recover damages sustained by the unlawful taking or unlawful detention . . . ." Similarly, MCR 3.105(A)(1) provides that "[c]laim and delivery is a civil action to recover . . . possession of goods or chattels which have been unlawfully taken or unlawfully detained[.]" We further note that MCL 600.2920(1)(c) provides that "[a]n action may not be maintained under this section by a person who, at the time the action is commenced, does not have a right to possession of the goods or chattels taken or detained."

We hold that defendants never *unlawfully* detained plaintiffs' personal property, as necessary to support an action for claim and delivery. The trial court concluded that plaintiffs did not intend to abandon the personal property left behind in the home. The necessary corollary

---

[3] Welch claimed that Tambs was going to bring a trailer at the time of the scheduled meeting in to remove the personal property, while Tambs claimed that the meeting was to discuss future arrangements to remove the property. Regardless, there is no dispute that Tambs was a no-show for the meeting and that she did not advise Welch that she was not going to attend the meeting. Tambs testified that she did not go to the meeting because she was called into work. Regardless, she failed to contact Welch to let him she was not coming.

of this determination is that if the personal property was not abandoned, defendants must have been unlawfully detaining the property for purposes of the claim and delivery action.

"The essential elements of abandonment are an intention to relinquish the property and acts putting that intention into effect[.]" *Van Slooten v Larsen*, 410 Mich 21, 50; 299 NW2d 704 (1980). When real property has been vacated and physical assets are left behind or abandoned on the property, one who thereafter properly enters the property and maintains possession is not liable in an action for claim and delivery under MCL 600.2920. *Sparling Plastic Indus, Inc v Sparling*, 229 Mich App 704, 713-714; 583 NW2d 232 (1998).

We hold that the interest or right plaintiffs had in the personal property did not survive expiration of the redemption period, entry of the possession judgment, plaintiffs' subsequent failure to remove the property by the date to vacate, at which time they left the house unlocked and vulnerable to theft, and plaintiffs' additional failure later to appear at the scheduled December meeting without a timely excuse. Considering this series of events and failures, we conclude that as a matter of law, plaintiffs abandoned the personal property they left behind. The fact that plaintiffs had removed some of their personal property before the scheduled December meeting is of no significant consequence, as the sequence of events indicated that plaintiffs, in doing so, had removed all of the personal property that they wanted. Plaintiffs' further efforts to obtain more of the personal property after abandonment had been established could not revive a claim that the personal property had not, in fact, been abandoned—once abandoned, it was too late to try to reclaim rights to the property.[4] Therefore, the trial court erred in denying defendants' motions for summary disposition and involuntary dismissal: there was no genuine issue of material fact that an unlawful detention of the property had not occurred.[5]

---

[4] We recognize that defendants had initially left a note giving plaintiffs until January 31, 2015, to remove the personal property; however, by not showing up or calling in regard to the subsequently-scheduled December meeting, abandonment was established, even if not been earlier.

[5] This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). With respect to the well-established principles governing the analysis of a motion for summary disposition brought pursuant to MCR 2.116(C)(10), this Court in *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013), observed:

> In general, MCR 2.116(C)(10) provides for summary disposition when there is no genuine issue regarding any material fact and the moving party is entitled to judgment or partial judgment as a matter of law. A motion brought under MCR 2.116(C)(10) tests the factual support for a party's claim. A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue

Because there was no viable action for claim and delivery as a matter of law, we reverse the trial court's ruling and remand for entry of judgment in favor of defendants. And even assuming that the case should not have been summarily or involuntarily dismissed, the trial court clearly erred in finding that plaintiffs had not abandoned the personal property under the circumstances presented.[6]

We have a final thought on this case. The foreclosure and the eviction action were pursued by the mortgage company, and the consent possession judgment was entered into by plaintiffs and the mortgage company. The mortgage company was still the owner of the property when the date to vacate passed. Only thereafter did defendants purchase the property from the mortgage company. Defendants obtained fee simple title at that time, buying a house that still had personal property inside. There was no transaction or conveyance of any kind between plaintiffs and defendants, nor was there a landlord-tenant relationship between the parties, especially given that plaintiffs had vacated the property by the time of purchase. Under these circumstances, we fail to see how defendants could possibly have unlawfully detained the personal property at issue.

We reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction. Having fully prevailed on appeal, defendants are awarded taxable costs under MCR 7.219.

/s/ Mark J. Cavanagh
/s/ Jane E. Markey
/s/ Anica Letica

---

upon which reasonable minds might differ. The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). A court may only consider substantively admissible evidence actually proffered relative to a motion for summary disposition under MCR 2.116(C)(10). [Quotation marks and citations omitted.]

[6] This Court reviews a trial court's findings of fact in a bench trial for clear error and its conclusions of law de novo. *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 512; 667 NW2d 379 (2003), citing MCR 2.613(C) and *Chapdelaine v Sochocki*, 247 Mich App 167, 169; 635 NW2d 339 (2001). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake was made. *Walters v Snyder*, 239 Mich App 453, 456; 608 NW2d 97 (2000).