*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

INNOVATIVE PROPERTIES 1997, LLC,
MATTHEW J. BROWN II, BETTY MILLER, and
the ESTATE OF CLAUD L. MILER,

      Plaintiffs-Appellants,

v

HAMILTON RD LTD,

      Defendant-Appellee.

UNPUBLISHED
November 21, 2024
1:05 PM

No. 367450
Ingham Circuit Court
LC No. 23-000411-CH

Before: MALDONADO, P.J., and M. J. KELLY and GARRETT, JJ.

PER CURIAM.

In this action involving a sheriff's sale of foreclosed property, plaintiffs ask this Court to reverse the trial court's grant of summary disposition to defendant pursuant to MCR 2.116(C)(10). We hold that the trial court correctly ruled that there are no genuine issues of material fact, and we affirm the trial court's order.

## I. FACTUAL BACKGROUND

Claude Miller bought the property at issue in 2014 and granted a mortgage on the property to nonparty Mortgage Electronic Registration Systems, Inc., as the nominee for the lender, "Cole Taylor Bank, Mortgage." Cole Taylor Bank later assigned the mortgage to Fifth Third Bank, which ultimately foreclosed on the mortgage. On September 29, 2022, an Ingham County Sheriff's Deputy conducted a sheriff's sale of the property and sold it to the highest bidder, defendant, for $117,184.38. The deputy executed a sheriff's deed on October 13, 2022, which bore the date of the sale, the purchase amount, and the identity of the purchaser. The deputy also executed an affidavit of auctioneer, which stated that the deed would become operative at the expiration of six months from the date of the sale, on March 29, 2023, if plaintiffs did not redeem the property. The deputy's affidavit and defendant's affidavit of purchaser also included information about the date of the sale, the final date of the redemption period, contact information for a redemption calculation, the purchase price, interest rate, and the amount of the redemption servicing fee.

-1-

On June 20, 2023, plaintiffs filed a complaint and alleged that defendant refused or otherwise failed to provide a requested redemption calculation within the redemption period and that this prevented plaintiffs from redeeming the property. Plaintiffs erroneously asserted that the sheriff's sale occurred on October 13, 2022 and they calculated that they had until April 13, 2023 to redeem the property. Plaintiffs asked the trial court to issue an order declaring that their rights to the property were superior to defendant's, quieting title to the property in their favor, and setting aside the Sheriff's Deed and enjoining defendant from enforcing the deed.

Defendant answered plaintiffs' complaint by moving for summary disposition under MCR 2.116(C)(10). Defendants took the position that the dates of the sheriff's sale and redemption period were clear, but that plaintiffs failed to timely redeem the property. Plaintiffs did not file a response to defendant's motion before the motion hearing and they also failed to appear at the motion hearing. Defendant appeared for the hearing and argued that plaintiffs did not try to redeem the property by any means within the redemption period. The court granted summary disposition to defendant, and this appeal followed.

## II. PRESERVATION AND STANDARD OF REVIEW

Plaintiffs contend that the trial court erred by granting defendant's motion for summary disposition because they presented a viable claim in their complaint to show their interest in the property. This issue is not preserved for appeal because plaintiffs did not respond to defendant's motion by raising this argument in the trial court before the court entered its order granting summary disposition to defendant. Unpreserved issues in civil cases are waived and need not be reviewed on appeal. *Tolas Oil*, ___ Mich App at ___; slip op at 3. Under the "raise-or-waive" rule, we may address an unpreserved issue "if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. at ___; slip op at 2 (quotation marks and citations omitted). Despite plaintiffs' failure to preserve this claim, we address it because the issue concerns questions of law for which the necessary facts were presented in the trial court.

We review "de novo a trial court's decision on a motion for summary disposition." *Bailey v Antrim Co*, 341 Mich App 411, 421; 990 NW2d 372 (2022) (quotation marks and citation omitted). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

## III. ANALYSIS

A person who has lost property through a mortgage foreclosure sale has a statutory period during which he or she may redeem the property pursuant to MCL 600.3140(1), which provides:

> The mortgagor, the mortgagor's heirs or personal representative, or any person that has a recorded interest in the property lawfully claiming from or under

the mortgagor or the mortgagor's heirs or personal representative may redeem the entire premises sold as ordered under section 31151 by paying, within 6 months after the sale, to the purchaser or the purchaser's personal representative or assigns, or to the register of deeds in whose office the deed of sale is deposited as provided in the court rules, for the benefit of the purchaser, the amount that was bid with interest from the date of the sale at the interest rate provided for by the mortgage.

"Generally, courts must strictly comply with foreclosure statutes." *Great Lakes Prop Mgt Consultants, Inc v HP Foreclosure Solution LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363746); slip op at 4. It is well-established that "[t]he right to redeem from a foreclosure at law is a legal right created by the statute, and can neither be enlarged nor abridged by the courts." *Id.* (quotation marks and citation omitted; alteration in original).

Under MCL 600.3240, a sheriff's deed obtained through the purchase of property at a sheriff's sale becomes void if the mortgagor redeems the property by paying the required amount within the applicable statutory redemption period provided in MCL 600.3240. *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014). MCL 600.3236 provides, in relevant part:

> Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter . . . .

Property is redeemed by "*paying* the amount required . . . within the applicable time limit prescribed in [MCL 600.3140(7) to MCL 600.3140(12).]" MCL 600.3240(1) (emphasis added). The redemption period for residential property not exceeding four units is "6 months from the date of sale." MCL 600.3140(7). If a mortgagor fails to redeem the property within the applicable redemption period, the sheriff's deed becomes operative and all the mortgagor's rights to the property are extinguished. *Bryan*, 304 Mich App at 713. "In a foreclosure conducted pursuant to statute, equitable relief may be granted only in cases of fraud, accident, or mistake." *Great Lakes*, ___ Mich App at ___; slip op at 4.

We note that, in plaintiffs' response to defendant's motion for summary disposition and in their brief of appeal, plaintiffs focus on whether they pleaded a valid claim rather than the grounds on which the trial court granted summary disposition to defendant. As discussed, the trial court granted summary disposition pursuant to MCR 2.116(C)(10) because there were no genuine issues of material fact, not because plaintiffs failed to state a claim on which relief can be granted. But we also recognize that, although plaintiff Innovative Properties 1997 LLC is represented by counsel on appeal, the remaining plaintiffs are proceeding *in propria persona*. We generally allow some lenience to appellants proceeding pro se. *Hein v Hein*, 337 Mich App 109, 116; 972 NW2d 337 (2021). Accordingly, and notwithstanding plaintiffs' failure to squarely address the issue, we review the grounds on which the trial court dismissed plaintiffs' complaint.

Plaintiffs' arguments rest on their assertions that the sheriff's sale occurred on October 13, 2022, the redemption period for the property expired on April 13, 2023, and defendant failed to

provide a redemption calculation within the redemption period. However, plaintiffs' assertions are not supported by evidence in the record. With their complaint, plaintiffs attached copies of the Sheriff's Deed, the deputy's affidavit of auctioneer, defendant's affidavit of purchaser, and additional documents regarding the sale. Although the sheriff's deputy signed the Sheriff's Deed on October 13, 2022, the deed clearly states that sale took place on September 29, 2022. Further, the affidavits included with the deed all reflect that the sale occurred on September 29, 2022. The affidavits also provide that the redemption period for the property expired on March 29, 2023, six months after the sale. The record evidence showed that plaintiffs did not pay the amount necessary to redeem the property within the redemption period.

Evidence showed that plaintiffs' title company, Diversified National Title Agency, contacted defendant for a redemption calculation on March 29, 2023, but then declined the calculation when its representative noted the date on the Sheriff's Deed and when defendant also explained that the redemption period expired that day. Plaintiffs presented no evidence to show that they redeemed the property through defendant or the Ingham County Register of Deeds during the redemption period. For that reason, plaintiffs failed to show that there are genuine issues of material fact regarding when the sheriff's sale occurred or when the redemption period expired. See *El-Khalil*, 504 Mich at 160.

Even if, as plaintiffs allege, defendant refused to provide plaintiffs with a redemption calculation within the redemption period, no evidence shows that this prevented plaintiffs from redeeming the property. Defendant completed an affidavit of purchaser that included the cost from the sale, the relevant interest rate, the redemption servicing fee, information for plaintiffs to contact defendant's attorney about a redemption calculation, and information about how to redeem the property through the Ingham County Register of Deeds. Notwithstanding defendant's provision of all necessary information to redeem the property through defendant or the Ingham County Register of Deeds, plaintiffs failed to do so within the redemption period.

Plaintiffs contend that the trial court could have invalidated defendant's Sheriff's Deed after the redemption period expired if there was evidence of fraud or some other irregularity. But plaintiffs do not actually allege any fraud or irregularity in the proceedings. Further, even if plaintiffs asserted that defendant's failure to provide a redemption calculation was somehow improper, the Sheriff's Deed and the deputy's affidavit clearly provided plaintiffs with the necessary information about the redemption period and redemption amount. See *Great Lakes*, ___ Mich App at ___; slip op at 12.

The record reflects that defendant followed the proper procedure after the sheriff's sale and properly calculated the statutory redemption period and that plaintiffs and their title company did not. It appears that plaintiffs' title company had a practice of calculating the redemption period from the date the Sheriff's Deed was signed and not the date of the sale but, as discussed, this calculation does not comply with Michigan laws regarding how the redemption period is calculated. See 600.3140(1), (7). Defendant also provided plaintiffs and the title company with the Sheriff's Deed containing the actual date of the sale and the last date of the redemption period. In light of the clear documentation reflecting the date of the sheriff's sale, the end of the redemption

period, and the redemption amount, nothing in the record establishes that plaintiffs are entitled to legal or equitable relief.  See *Great Lakes*, ___ Mich App at ___; slip op at 12.[1]

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Kristina Robinson Garrett

---

[1] In light of this holding, we need not address defendant's alternative grounds to affirm the trial court's order.