*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SALAM DEKHOU, also known as SAMAR N. DKHOU,

        Plaintiff-Appellant,

v

SPOT REALTY, INC., doing business as ADVANCE EQUITIES, LTD, NEW REZ, LLC, doing business as SHELLPOINT MORTGAGE, ERIC K. WEIN, ANDREW MEISNER, and MICHAEL J. BOUCHARD,

        Defendants-Appellees,

and

NIDHAL DEKHOU and NAFA DEKHOU,

        Defendants.

UNPUBLISHED
October 19, 2023

No. 361125
Oakland Circuit Court
LC No. 2020-183032-CH

Before: K. F. KELLY, P.J., and JANSEN and CAMERON, JJ.

PER CURIAM.

In this action for relief from a foreclosure sale, plaintiff appeals by right the trial court's orders granting summary disposition in favor of defendant, New Rez, LLC ("New Rez"), doing business as Shellpoint Mortgage, and granting summary disposition in favor of defendants Spot Realty, Inc. ("Spot Realty"), doing business as Advance Equities, Ltd., and its agent, Eric K. Wein. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises from the foreclosure of residential property in Troy, Michigan. The property was originally owned by plaintiff's brother and sister-in-law, Nidhal and Nafa Dekhou, and by plaintiff's mother, Hasina Dekhou, who is now deceased. On November 3, 2004, Nidhal

signed a promissory note agreeing to pay $148,000 to Bankwell Mortgage Company ("Bankwell"), and Nidhal, Nafa, and Hasina all granted a mortgage on the property to Bankwell to secure the debt. The mortgage was subsequently assigned to Chase Manhattan Mortgage Corporation ("Chase"), and then later assigned to defendant New Rez on January 24, 2019. All assignments were duly recorded with the register of deeds. On June 2, 2005, Hasina, Nidhal, and Nafa obtained a second mortgage loan for $200,000 from Oakland Commerce Bank ("Oakland Commerce"), and this second mortgage was also duly recorded. On March 1, 2016, plaintiff acquired Hasina's 50% interest in the property, subject to the outstanding mortgages.

Hasina continued to live in the home until mid-2019, during which time plaintiff allegedly paid the mortgages and all expenses. On January 24, 2019, New Rez sent written correspondence to Nidhal regarding a missed mortgage payment on Loan No. 0578684782. On February 13, 2019, New Rez sent additional written correspondence to Nidhal at the property's address, advising him that "[y]our mortgage is seriously delinquent," that previous efforts to contact Nidhal to discuss foreclosure prevention options were unsuccessful, and that Nidhal's "time to act [was] running out." The February 13, 2019 correspondence also pertained to Loan No. 0578684782, indicated that there was a principal balance of $109,481.74, and stated that to avoid foreclosure, action must be taken by February 27, 2019. Plaintiff alleges that he attempted to contact New Rez regarding the mortgage, but New Rez would not speak to him or his attorney, or provide any information because the mortgage was not in plaintiff's name. Plaintiff alleged that he had previously been making mortgage payments to Chase under Loan No. 1687441280. However, after the loan was assigned from Chase to New Rez, a new loan number was also assigned to the loan. New Rez presented evidence that written notice was sent to Nidhal advising him of the assignment and that a new loan number would be assigned to the loan.

When the mortgage deficiencies were not cured, New Rez proceeded to foreclose on the property by advertisement. The foreclosure sale was originally scheduled for May 28, 2019, but Hasina filed for Chapter 13 bankruptcy protection, and the proceedings were stayed. The foreclosure proceedings eventually resumed on June 6, 2019. Hasina voluntarily dismissed her bankruptcy petition on July 30, 2019, and she died on August 23, 2019. Spot Realty purchased the property at a foreclosure sale on September 3, 2019. The sheriff's deed expressly stated that the property could be redeemed during the redemption period, which would expire on March 3, 2020.

Plaintiff claims that he believed that the redemption period was one year because he believed that it was the Oakland Commerce mortgage, with an original balance of $200,000, that had been foreclosed. Plaintiff alleged that his attorney, Stuart Sandweiss, contacted Spot Realty's attorney, Wein, to discuss the redemption period and express plaintiff's interest in acquiring the property. On March 4, 2020, after the six-month redemption period expired, Sandweiss contacted Wein with a settlement offer that Wein rejected, informing Sandweiss that the redemption period had expired.

In August 2020, plaintiff filed this action. As relevant to this appeal, plaintiff sought to set aside the foreclosure sale on the basis of alleged defects and irregularities in the foreclosure proceedings. Plaintiff also requested an equitable extension of the six-month redemption period. In addition, plaintiff filed claims against Spot Realty and Wein for fraud, conspiracy to defraud, and unjust enrichment. Spot Realty and Wein moved for summary disposition in lieu of filing an

answer, in which New Rez concurred. The trial court denied the motion as premature because the parties had not engaged in discovery. Thereafter, New Rez moved for summary disposition and Spot Realty and Wein filed a renewed motion for summary disposition. The trial court granted both motions, and this appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Meemic Ins Co v Fortson*, 506 Mich 287, 298; 954 NW2d 115 (2020). Defendants moved for summary disposition under MCR 2.116(C)(8) and (C)(10); however, because the parties submitted evidence outside the pleadings in support of and opposition to the motions, and because the trial court referenced that evidence in deciding the motions, it is appropriate to review the trial court's decision under MCR 2.116(C)(10).

> A motion under MCR 2.116(C)(10), . . . tests the *factual sufficiency* of a claim. *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. *Id*. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Johnson*, 502 Mich at 761 (quotation marks, citation, and brackets omitted). [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019).]

## III. PLAINTIFF'S REQUEST TO SET ASIDE THE FORECLOSURE SALE

Plaintiff argues that the trial court erred by dismissing his claim for relief from the foreclosure sale on the basis of alleged defects or irregularities in the foreclosure proceedings. We disagree.

## A. STANDING

First, we address the issue of plaintiff's standing to bring this action. Whether a party has standing is a question of law that this Court reviews de novo. *Wilmington Savings Fund Society, FSB v Clare*, 323 Mich App 678, 684; 919 NW2d 420 (2018).

In *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014), this Court recognized the well-settled principle that "if a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished." In *Bryan*, we held that because the plaintiff did not redeem the subject property within the applicable redemption period, she did not have standing to bring her claim. *Id*. at 715. However, in *Kim v JP Morgan Chase Bank, NA*, 493 Mich 98, 115; 825 NW2d 329 (2012), the Michigan Supreme Court clarified that a foreclosure by advertisement is voidable because of defects or irregularities that actually prejudice the plaintiff. In this case, plaintiff alleged that there were defects and irregularities in the foreclosure proceedings that caused him prejudice. Thus, the issue of standing is inextricably intertwined with plaintiff's claim that there were defects and irregularities in the

foreclosure proceeding that caused him prejudice, conferring standing for the purpose of adjudicating those claims, which we turn to next.

## B. DEFECT OR IRREGULARITY IN THE FORECLOSURE PROCEEDINGS

"[D]efects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Kim*, 493 Mich at 115. To set aside a foreclosure sale, "plaintiffs must show that they were prejudiced by defendant's failure to comply with MCL 600.3204," and that "[t]o demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id*. at 115-116; see also *Fed Home Mtg Ass'n v Kelley (On Reconsideration)*, 306 Mich App 487, 500-501; 858 NW2d 69 (2014) ("[P]arties seeking to set aside a foreclosure sale on this basis must show that they were prejudiced by the mortgagee's failure to comply with MCL 600.3204 . . . ."). "[A] mortgagor seeking to set aside a foreclosure by advertisement must allege facts to support three essential elements of the claim: (1) fraud or irregularity in the foreclosure procedure, (2) prejudice to the mortgagor, and (3) a causal relationship between the alleged fraud or irregularity and the alleged prejudice, i.e., that the mortgagor would have been in a better position to preserve the property interest absent the fraud or irregularity." *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 210-211; 859 NW2d 238 (2014)

In this case, plaintiff contends that New Rez failed to comply with applicable statutes when foreclosing on the property by advertisement. Foreclosures by advertisement are governed by Chapter 32 of the Revised Judicature Act, MCL 600.3201 *et seq*. MCL 600.3202 provides that "[e]very mortgage of real estate, which contains a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement[] in the cases and in the manner specified in this chapter." MCL 600.3204 addresses the circumstances under which a foreclosure by advertisement may occur, and further provides, in pertinent part:

> (1) A party may foreclose a mortgage by advertisement if all of the following circumstances exist:

> (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.

> * * *

> (3) If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title must exist before the date of sale under [MCL 600.3216] evidencing the assignment of the mortgage to the party foreclosing the mortgage.

MCL 600.3208 addresses the notice that a party foreclosing by advertisement must provide, which includes both notice by publication and posting on the property. Specifically, the statute provides:

> Notice that the mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, shall be given by publishing the same for 4

-4-

successive weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage and intended to be sold, or some part of them, are situated. If no newspaper is published in the county, the notice shall be published in a newspaper published in an adjacent county. In every case within 15 days after the first publication of the notice, a true copy shall be posted in a conspicuous place upon any part of the premises described in the notice.

MCL 600.3216 specifies the requirements for a foreclosure sale, stating:

> The sale shall be at public sale, between the hour of 9 o'clock in the forenoon and 4 o'clock in the afternoon, at the place of holding the circuit court within the county in which the premises to be sold, or some part of them, are situated, and shall be made by the person appointed for that purpose in the mortgage, or by the sheriff, undersheriff, or a deputy sheriff of the county, to the highest bidder.

MCL 600.3220, which governs adjournments of a foreclosure sale, provides:

> Such sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in whose name the notice of sale is published by posting a notice of such adjournment before or at the time of and at the place where said sale is to be made, and if any adjournment be for more than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale shall be adjourned. No oral announcement of any adjournment shall be necessary.

MCL 600.3240(1), which addresses the right of redemption after a foreclosure sale, provides:

> A purchaser's deed under [MCL 600.3232] is void if the mortgagor, the mortgagor's heirs or personal representative, or any person that has a recorded interest in the property lawfully claiming under the mortgagor or the mortgagor's heirs or personal representative redeems the entire premises sold by paying the amount required under subsection (2) and any amount required under subsection (4), within the applicable time limit prescribed in subsections (7) to (12), to the purchaser or the purchaser's personal representative or assigns, or to the register of deeds in whose office the deed is deposited for the benefit of the purchaser.

In this case, plaintiff raises three categories of defects or irregularities that he contends justified relief from the foreclosure sale: (1) New Rez was unclear about which loan it was foreclosing on, that there were discrepancies in the loan numbers, and that New Rez would not communicate with plaintiff and his counsel regarding the loan because Nidhal, not plaintiff, was named on the promissory note; (2) New Rez did not follow guidelines issued by the federal Consumer Financial Protection Bureau ("CFPB") regarding communications with a successor in interest to a deceased borrower; and (3) the foreclosure sale was repeatedly adjourned.

Regarding plaintiff's first claim, the record indicates that plaintiff presented evidence factually supporting his contention that he was subjectively unclear about which mortgage New Rez was foreclosing on. Specifically, Wejdan Dekhou, who collected the mail at the residential property, denied receiving the correspondence from New Rez that provided notice of the assignment of the mortgage and the concomitant change in loan numbers. Plaintiff also averred in an affidavit that he and Sandweiss attempted to contact New Rez to discuss the delinquent mortgage, but their efforts were rebuffed. Gary Barnes, a litigation foreclosure case manager at New Rez, corroborated that representatives of New Rez were unable to discuss the mortgage with plaintiff because he was not listed on the promissory note. However, New Rez presented evidence that it complied with MCL 600.3208 by publishing notice of the foreclosure by advertisement in the *Detroit Legal News* and by posting notice on the property. The notice of foreclosure by advertisement included the names of the mortgagors, the name of the original mortgagee, Bankwell Mortgage, the foreclosing assignee, the date of the mortgage, the date the mortgage was recorded, and the amount that was claimed to be due on the date of notice. The notice also clearly indicated that the redemption period was six months from the date of sale. Further, the sheriff's deed, which was duly recorded on September 11, 2019, also clearly stated that the redemption period expired on March 3, 2020. Because the sheriff's deed was duly recorded, plaintiff had constructive notice of the length of the redemption period. *Coventry Park Homes Condo Ass'n v Fed Nat'l Mtg Ass'n*, 298 Mich App 252; 827 NW2d 379 (2012).

Although plaintiff asserts that he was subjectively confused about which mortgage was being foreclosed, there is no genuine issue of material fact that New Rez complied with applicable statutory notice requirements for a foreclosure by advertisement, which provided all of the information necessary to identify the mortgage that was being foreclosed. Plaintiff's alleged confusion about the loan numbers or the loan that was being foreclosed, and New Rez's unwillingness to speak to plaintiff to clear up that confusion, does not establish a defect in the foreclosure proceedings where New Rez otherwise complied with all statutory notice requirements in a manner sufficient to identify the loan that was being foreclosed.

We also reject plaintiff's contention that failure to follow CFPB guidelines regarding communications with a successor in interest to a deceased borrower establishes a defect or irregularity in the foreclosure proceedings. Plaintiff relies on the CFPB general servicing policies, procedures, and requirements, which provide, in pertinent part:

> (a) Reasonable policies and procedures. A servicer shall maintain policies and procedures that are reasonably designed to achieve the objectives set forth in paragraph (b) of this section.

> (b) Objectives—

> (1) Accessing and providing timely and accurate information. The policies and procedures required by paragraph (a) of this section shall be reasonably designed to ensure that the servicer can:

* * *

(*vi*) (A) Upon receiving notice of the death of a borrower or of any transfer of the property securing a mortgage loan, promptly facilitate communication with any potential or confirmed successors in interest regarding the property;

(B) Upon receiving notice of the existence of a potential successor in interest, promptly determine the documents the servicer reasonably requires to confirm that person's identity and ownership interest in the property and promptly provide to the potential successor in interest a description of those documents and how the person may submit a written request under § 1024.36(i) (including the appropriate address); and

(C) Upon the receipt of such documents, promptly make a confirmation determination and promptly notify the person, as applicable, that the servicer has confirmed the person's status, has determined that additional documents are required (and what those documents are), or has determined that the person is not a successor in interest. [12 CFR 1024.38].

The statutory authority for the general servicing policies, procedures, and requirements is the federal Real Estate Settlement Procedures Act ("RESPA"), 12 USC 2601 *et seq*. However, the foreclosure proceeding in this case was conducted under state law. The CFPB policies, procedures, and requirements are not part of Michigan's foreclosure statutes, and therefore, cannot be a basis for establishing a defect or irregularity in the state foreclosure proceedings. See *Comerica v Dep't of Treasury*, 332 Mich App 155, 166; 955 NW2d 593 (2020), aff'd 509 Mich 204 (2022) ("[N]othing may be read into a statute that is not within the intent of the Legislature apparent from the language of the statute itself."). Thus, any alleged failure by New Rez to comply with these federal policies and procedures would not establish a defect or irregularity with the state statutory foreclosure-by-advertisement scheme.

Plaintiff argues that a third defect or irregularity in the foreclosure proceeding is that the foreclosure sale was repeatedly adjourned. In response to this claim, New Rez presented the published notices of adjournment, which indicated that the foreclosure sale was first scheduled to be held on May 28, 2019, but then was repeatedly adjourned each week until the sale was ultimately held on September 3, 2019. The notices indicate that they were published and posted in accordance with MCL 600.3212 (prescribing the contents of the notice) and MCL 600.3220 (requiring publication in the newspaper in which the original notice was published, and positing "before or at the time of and at the place where said sale is to be made"). Plaintiff argues that the notices of adjournment were inadmissible hearsay, but the trial court rejected this argument because the notices contained the stamped signature of Deputy Thomas Rabette, who averred under oath that the notices of adjournment were "posted before or at the time of the sale and at the place of the sale," and Rabette testified at his deposition that the use of his signature stamp on the notices indicated that the notices were properly processed and posted.

To the extent that Rabette's affirmation on the notices of adjournment could be considered hearsay, MRE 801, Rabette's deposition testimony that his stamped signature on the notices indicated that the notices were duly posted was evidence factually supporting New Rez's position that the notices were duly posted in compliance with statutory requirements. Therefore, in order for plaintiff to withstand summary disposition on this claimed defect, it was incumbent upon

plaintiff to present evidence to demonstrate factual support for his position that the notices were not actually posted, such as an affidavit from a person with knowledge that no notices of adjournment were posted. Plaintiff did not present *any evidence* to demonstrate factual support for his position that the notices of adjournment were never actually posted. Therefore, the trial court did not err by finding that plaintiff failed to establish a genuine issue of material fact regarding his claim that the adjournments of the foreclosure sale established a defect or irregularity in the foreclosure proceedings.[1]

## IV. EQUITABLE TOLLING

Plaintiff also argues that the trial court erred when it declined to equitably toll or extend the six-month redemption period. We disagree.

Recently, in *Great Lakes Prop Mgt Consultants, Inc v HP Foreclosure Solution, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 363746); slip op at 4, this Court reiterated that "[t]he right to redeem from a foreclosure at law is a legal right created by the statute, and can neither be enlarged nor abridged by the courts." (Citation omitted.) Thus, "[i]n a foreclosure conducted pursuant to statute, equitable relief may be granted only in cases of fraud, accident, or mistake." *Id*.; see also *Gordon Grossman Bldg Co v Elliott*, 382 Mich 596, 603; 171 NW2d 441 (1969) ("Absent some unusual circumstances or additional considerations not within the ambit of the statute, this Court must follow the clear and plain meaning of the statute.").

In the present case, the evidence established that there was a disagreement between Sandweiss and Wein regarding whether the redemption period was six months or one year. Plaintiff suggests that a mistake occurred because he and Sandweiss were unclear regarding which of the two mortgages on the property was being foreclosed. However, the foreclosure notices and the sheriff's deed identified the mortgage that was being foreclosed and, more significantly, the record unequivocally establishes that the sheriff's deed expressly stated that the redemption period was six months, and that plaintiff had actual notice of that prescribed six-month period before that period expired. Plaintiff does not contend that the legal redemption period for the property actually was one year, but he asserts that the six-month redemption period should be equitably extended because Wein led Sandweiss to believe that plaintiff had more than six months to redeem the property. In his affidavit, Sandweiss stated that Wein told him "that he thought [the redemption period] was six months but that he was not sure." Because plaintiff had actual notice of the six-month redemption period stated in the sheriff's deed, and because Wein's statement indicates that he was unsure whether that was the correct period, plaintiff was not justified in relying on Wein's alleged statement to believe that he would still be able to redeem the property after March 3, 2020, when the prescribed six-month redemption period expired. Further, to the extent that Wein led Sandweiss to believe that Spot Realty would be willing to entertain offers to purchase the property after March 3, such statements would not justify equitably extending the redemption period. This case does not rise to the level of unusual circumstances or additional considerations that would require equity to intervene and toll the statutory redemption period. See *Elliott*, 382 Mich at 603.

---

[1] Because we disagree with plaintiff that there was any defect or irregularity in the foreclosure proceedings, we need not address whether plaintiff was prejudiced by them.

Accordingly, the trial court did not err when it denied plaintiff's request to equitably toll or extend the statutory redemption period.

## V. PLAINTIFF'S OTHER CLAIMS

Next, plaintiff argues that the trial court erred by dismissing his claims for fraudulent misrepresentation, conspiracy to defraud, and unjust enrichment against defendants Spot Realty and Wein. We disagree.

A prima facie claim of unjust enrichment requires a plaintiff to establish "(1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant." *Charter Twp of Pittsfield v Washtenaw Co Treasurer*, 338 Mich App 440, 459; 980 NW2d 119 (2021). For the law to imply a contract on the basis of unjust enrichment, the defendant must be unjustly enriched at the expense of the plaintiff. *Id.* at 460.

The parties do not dispute that Spot Realty purchased the property at a sheriff's sale, not from plaintiff. Because Spot Realty acquired the property at the foreclosure sale, and not from plaintiff, there is no genuine issue of material fact regarding the first element of a claim for unjust enrichment. Moreover, plaintiff admittedly was aware that the sheriff's deed stated that the redemption period was only six months and that Wein shared that same belief. Although plaintiff questioned whether that was the correct period because he was confused about which mortgage was being foreclosed, the correct information was contained in the notice of foreclosure and the notices of adjournment, which were properly published and posted in accordance with statutory requirements, and in the sheriff's deed itself. Under these circumstances, the trial court did not err by finding that there was no factual support for plaintiff's unjust-enrichment claim, and properly granted summary disposition under MCR 2.116(C)(10).

Regarding plaintiff's claim for fraud, to withstand summary disposition, plaintiff was required to present evidence to satisfy the following elements:

> (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage. [*Coosard v Tarant*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357950); slip op at 5-6. quoting *M&D, Inc v WB McConkey*, 231 Mich App 22, 27; 585 NW2d 33 (1998).]

Plaintiff did not present any evidence creating a genuine issue of material fact with respect to whether Spot Realty—or Wein as an agent for Spot Realty—made a false and material representation with the intention that plaintiff would rely on it. *Coosard*, ___ Mich App at ___; slip op at 5-6. In his affidavit, Sandweiss acknowledged that when he told Wein that he thought the redemption period was one year, Wein responded that he thought it was six months, but he was not sure. When Sandweiss contacted Wein toward the end of the six-month period, he discussed paying a premium on the redemption amount to acquire fee simple title to the property. Wein

allegedly told him how much such an offer should be without mentioning a specific price and said the offer did not need to be immediate. While the averments in the affidavit make clear that he interpreted Wein's comments as allowing plaintiff until later in the week to make an offer, because this alleged discussion did not relate to the redemption price, but rather Wein's willingness to entertain an independent offer to purchase the property for an unspecified premium price that Wein had not agreed on, it does not establish a genuine issue of material fact regarding whether Wein made a false representation regarding the redemption period or the redemption price, both of which plaintiff was already aware of, or that Wein falsely represented that any offer plaintiff made after the redemption period would be accepted.

Likewise, plaintiff's assertion that Spot Realty should be equitably estopped from asserting that the redemption period expired is also without merit. In *In re Berrien Co Treasurer for Foreclosure*, 341 Mich App 114, 131; 988 NW2d 816 (2022), this Court explained the doctrine of equitable estoppel, stating:

> Equitable estoppel is not an independent cause of action, but rather a doctrine that may assist a party by preventing the opposing party from asserting or denying the existence of a particular fact. Equitable estoppel may arise where (1) a party, by representations, admissions, or silence intentionally or negligently induces another party to believe facts, (2) the other party justifiably relies and acts on that belief, and (3) the other party is prejudiced if the first party is allowed to deny the existence of those facts. Silence or inaction may form the basis for an equitable estoppel only where the silent party had a duty or obligation to speak or take action.

As explained, Sandweiss's affidavit does not establish that Wein, by his admissions, representations, or silence, intentionally or negligently induced plaintiff to believe the redemption period was longer than six months. As noted, he told Wein that he thought the redemption period was one year, Wein responded that he thought it was six months, but admittedly was not sure. Again, because the discussion in question did not relate to the redemption period or the redemption price, but rather involved a potential offer for an unspecified price that Wein had not agreed to, plaintiff cannot establish that Wein's alleged representations intentionally or negligently induced plaintiff to believe that the property could be redeemed after the redemption period expired.

For these same reasons, the conspiracy to defraud claim against Spot Realty and Wein was also properly dismissed. "A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Swain v Morse*, 332 Mich App 510, 530; 957 NW2d 396 (2020) (quotation marks and citation omitted). However, to advance a successful conspiracy claim, it is necessary to prove the separate, underlying tort claim. *Swain*, 332 Mich App at 530 n 13. Because plaintiff failed to establish the underlying claim for fraudulent misrepresentation, the concomitant claim of conspiracy to defraud likewise cannot succeed.

## VI. AMENDMENT OF THE COMPLAINT

Lastly, plaintiff argues that the trial court erred when it denied his request to amend his complaint after granting summary disposition in favor of defendants. We disagree.

The record discloses that plaintiff did not request an opportunity to amend his complaint in either his response to New Rez's motion for summary disposition or his response to Spot Realty and Wein's motion for summary disposition, or at the hearing on Spot Realty and Wein's motion. Because plaintiff did not raise this issue before the trial court, it is unpreserved. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359090); slip op at 2. A trial court's decision whether to allow a party to amend a complaint is generally reviewed for an abuse of discretion. *Sanders v Perfecting Church*, 303 Mich App 1, 8-9; 840 NW2d 401 (2013). But because plaintiff did not raise this issue before the trial court, we decline to consider it. *Tolas Oil & Gas Exploration Co*, ___ Mich App at ___; slip op at 3.[2]

Affirmed. Defendants, as the prevailing parties, may tax costs. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Kathleen Jansen
/s/ Thomas C. Cameron

---

[2] Even if we were to consider this issue, plaintiff has not demonstrated that amendment of his complaint is warranted. The evidence reflects that the foreclosure proceedings complied with statutory requirements. Although plaintiff also contends that New Rez did not follow CFPB guidelines and argues that he should be permitted to amend his complaint to more specifically plead the CFPB guidelines, as explained earlier, plaintiff has not established the relevancy of these guidelines to Michigan's statutory foreclosure-by-advertisement scheme. Accordingly, plaintiff has failed to show that any amendment regarding the CFPB guidelines would not be futile. See *Ormsby v Capital Welding, Inc*, 471 Mich 45, 52-53; 684 NW2d 320 (2004).